**FILED**
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

JUN - 3 2026

**ERIK PALTROW**
**CLERK OF COURT**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

MIDA ESCALANTI-GONZALEZ, )
)
Plaintiff, )
)
v. )
)
MESCALERO APACHE TRIBE; )
MESCALERO APACHE TRIBAL COURT; )
LESLIE ESCALANTI, individually; )
THORA PADILLA, in official capacity; )
MELANIE SPITTY, in official capacity; )
ZANDRA SMITH, in official capacity; )
NELVA CERVANTES, in official capacity; )
OFFICER TITUS, in official capacity; )
CHIEF OF POLICE SCOTT KETCHUM, )
in official capacity; )
LEONARD KANESEWAH, Tribal Court Judge, )
in official capacity; )
PAMELA MORGAN, Tribal Court Judge, )
in official capacity; )
SALEM TORTILLA, in official capacity, )
Joab Maestas, Chief Judge Tribal Court, )
In official capacity )
)
Defendants. )

Civil No. 26-CU-1795 KW-DLM

**VERIFIED COMPLAINT FOR DECLARATORY RELIEF, TEMPORARY**

**RESTRAINING ORDER, PRELIMINARY INJUNCTION, RECORD**

**PRESERVATION RELIEF, AND OTHER RELIEF AUTHORIZED BY LAW**

(18 U.S.C. § 2265; 28 U.S.C. § 1331; 28 U.S.C. §§ 2201–2202; Fed. R. Civ. P. 26, 37, and 65)

**FEDERAL QUESTIONS PRESENTED**

A. Whether asserted tribal-court jurisdiction, adjudicative authority, administrative

authority, or enforcement authority over a nonmember exceeds lawful limitations recognized

(1981), Strate v. A-1 Contractors, 520 U.S. 438 (1997), Nevada v. Hicks, 533 U.S. 353 (2001), National Farmers Union Insurance Companies v. Crow Tribe of Indians, 471 U.S. 845 (1985), Iowa Mutual Insurance Company v. LaPlante, 480 U.S. 9 (1987), Oliphant v. Suquamish Indian Tribe, 435 U.S. 191 (1978), and Duro v. Reina, 495 U.S. 676 (1990), and whether such issues present substantial and nonfrivolous federal questions sufficient to invoke federal subject-matter jurisdiction under 28 U.S.C. § 1331.

B. Whether refusal to accept filings, provide docket confirmation, provide signed proof-of-service documentation, permit meaningful advocacy support, maintain docket integrity, preserve electronically stored information, or provide meaningful procedural access creates immediate and irreparable harm warranting prospective declaratory, temporary restraining, preliminary injunctive, and preservation relief under federal law and Fed. R. Civ. P. 65.

C. Whether federal courts possess authority under 28 U.S.C. § 1331, 28 U.S.C. §§ 2201–2202, Fed. R. Civ. P. 65, and Ex parte Young, 209 U.S. 123 (1908), to grant narrowly tailored prospective declaratory, temporary restraining, preliminary injunctive, and preservation relief against officials acting under color of asserted tribal authority where ongoing violations of federal law, federally protected rights, federal statutory obligations, and substantial and nonfrivolous federal questions sufficient to invoke federal subject-matter jurisdiction are alleged.

D. Whether recognition, processing, enforcement, and full-faith-and-credit obligations arising under 18 U.S.C. § 2265 are implicated by the conduct alleged herein, including alleged refusal to provide filing confirmation, service documentation, procedural access, advocacy access, and preservation of records relating to qualifying protection-order materials protected under federal law.

E. Whether refusal to permit participation, accompaniment, assistance, communication, support, or advocacy from a nonmember domestic-violence or family-violence advocate implicates federally protected rights, meaningful access to proceedings, protections contemplated under the Violence Against Women Act ("VAWA"), procedural fairness, and Plaintiff's ability to safely and fairly participate in proceedings affecting federally protected interests.

F. Whether emergency preservation relief under Fed. R. Civ. P. 26, 37, and 65 is necessary to prevent destruction, alteration, concealment, overwriting, transfer, deletion, loss, spoliation, or off-record modification of electronically stored information, metadata, surveillance recordings, courtroom recordings, hearing recordings, docket records, filing records, audit trails, service records, administrative records, and other evidence relevant to substantial and nonfrivolous federal questions presented herein.

G. Whether exhaustion of tribal remedies is excused, unnecessary, futile, or inadequate under National Farmers Union Insurance Companies v. Crow Tribe of Indians, 471 U.S. 845 (1985), where Plaintiff alleges:

1. refusal to accept filings;

2. inability to confirm docketing or appellate review;

3. refusal to provide service confirmation;

4. refusal to permit meaningful advocacy support; and

5. ongoing risk of destruction, concealment, alteration, overwriting, or loss of evidence.

H. Whether alleged refusal to maintain docket integrity, preserve electronically stored information, provide procedural records, permit meaningful advocacy access, or maintain audit-

capable recordkeeping within programs supported in whole or in part by federal funds—

including funding associated with the Violence Against Women Act ("VAWA"), Office on

Violence Against Women ("OVW"), Bureau of Indian Affairs ("BIA"), Department of Justice

("DOJ"), victim-services programs, tribal justice systems, law-enforcement programs, and

related federally supported governmental functions—implicates substantial and non-frivolous

federal questions concerning compliance with federal funding conditions, federally protected

rights, preservation obligations, federal oversight interests, auditability requirements, and

narrowly tailored prospective relief necessary to prevent continuing irreparable harm.

I. Whether Plaintiff satisfies the standards for temporary restraining and preliminary

injunctive relief articulated in Winter v. Natural Resources Defense Council, 555 U.S. 7 (2008),

where Plaintiff alleges:

1. likelihood of success on substantial and non-frivolous federal questions;

2. ongoing irreparable harm through loss of evidence and procedural obstruction;

3. balance of equities favoring preservation of the status quo pending adjudication of

the federal questions presented herein; and

4. public interest favoring preservation of evidence, protection-order enforcement,

procedural integrity, meaningful access to proceedings, and compliance with

federally protected obligations.

J. Whether ongoing refusal to preserve evidence, maintain procedural transparency,

provide service confirmation, permit meaningful advocacy access, or maintain accessible filing

and appellate-review processes constitutes continuing conduct warranting immediate narrowly

tailored prospective federal relief to prevent irreparable prejudice, spoliation of evidence,

obstruction of review, and impairment of federally protected rights.

## II. JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under federal law and federal common law, including 18 U.S.C. § 2265, the Violence Against Women Act ("VAWA"), federal-question jurisdiction principles governing the lawful scope of asserted tribal authority over nonmembers, and substantial and non-frivolous federal questions concerning prospective relief, preservation of evidence, procedural access, and federally protected rights.

2. Plaintiff seeks declaratory relief under 28 U.S.C. §§ 2201–2202 concerning substantial federal questions, ongoing violations of federal law, federally protected rights, lawful limitations upon asserted tribal authority over nonmembers, preservation obligations, and federally mandated protection-order recognition obligations.

3. Plaintiff seeks temporary restraining, preliminary injunctive, preservation, and related prospective relief pursuant to Fed. R. Civ. P. 26, 37, and 65, including narrowly tailored relief necessary to preserve the status quo, prevent irreparable harm, prevent spoliation of evidence, maintain docket integrity, preserve electronically stored information, and prevent destruction, concealment, alteration, overwriting, deletion, transfer, or loss of evidence relevant to the federal questions presented herein.

4. Plaintiff further alleges this Court possesses authority under Ex Parte Young, 209 U.S. 123 (1908), and related federal jurisdictional principles to grant prospective declaratory, injunctive, and preservation relief against officials acting under color of asserted tribal authority where ongoing violations of federal law, federally protected rights, and substantial federal

questions are alleged.

4A. Plaintiff further alleges federal-question jurisdiction exists because the conduct alleged herein implicates substantial and non-frivolous federal questions concerning administration, preservation, auditability, procedural integrity, and compliance obligations associated with programs, offices, governmental functions, court systems, victim-services programs, law-enforcement activities, and related operations supported in whole or in part by federal funding sources, including funding associated with the Violence Against Women Act ("VAWA"), Office on Violence Against Women ("OVW"), Bureau of Indian Affairs ("BIA"), Department of Justice ("DOJ"), victim-services funding streams, tribal justice system funding, public-safety funding, and related federally supported governmental functions.

4B. Plaintiff further alleges the requested prospective declaratory, injunctive, and preservation relief is necessary to prevent irreparable harm, spoliation of evidence, loss of audit-capable records, destruction of electronically stored information, impairment of procedural integrity, and interference with federally connected oversight, reporting, preservation, and compliance obligations associated with federally supported governmental and administrative functions.

5. Venue is proper under 28 U.S.C. § 1391(b) because substantial events, omissions, proceedings, filing attempts, service attempts, communications, preservation issues, and conduct giving rise to this action occurred within the District of New Mexico.

6. Plaintiff does not seek modification of domestic-relations orders, child-custody determinations, tribal membership determinations, or state-court judgments, but instead seeks narrowly tailored prospective federal relief concerning substantial federal questions, lawful

jurisdictional limitations, preservation of evidence, procedural access, federally protected rights, and ongoing violations of federal law.

7. Plaintiff further alleges this action does not seek improper appellate review of tribal-court merits determinations, but instead seeks federal review of substantial federal questions concerning:

A. the lawful scope of asserted tribal authority over a nonmember;

B. preservation obligations;

C. federally mandated protection-order recognition obligations;

D. procedural access;

E. meaningful advocacy access;

F. preservation of electronically stored information and audit-capable records; and

G. ongoing prospective violations of federal law.

8. Plaintiff alleges exhaustion of tribal remedies, to the extent applicable, is excused, futile, inadequate, or incapable of preventing irreparable harm where Plaintiff alleges:

A. refusal to accept filings;

B. inability to confirm docketing or appellate review;

C. refusal to provide service confirmation;

D. refusal to permit meaningful advocacy support; and

E. ongoing risk of destruction, concealment, alteration, overwriting, deletion, transfer, or loss of electronically stored information and other relevant evidence.

## III. PARTIES

6. Plaintiff Mida Escalanti-Gonzalez is the protected party under an Order of Protection

issued by the 12th Judicial District Court, State of New Mexico, and alleges ongoing injury, irreparable harm, procedural obstruction, impairment of federally protected rights, preservation-related prejudice, and continuing uncertainty concerning filing status, service confirmation, procedural access, protection-order recognition, and preservation of evidence.

7. Defendant Leslie Escalanti is sued individually concerning conduct alleged herein.

8. The remaining Defendants are named solely in the official capacities alleged herein for purposes of prospective declaratory, injunctive, preservation, procedural, and other relief authorized under federal law.

9. Plaintiff expressly preserves all objections regarding asserted tribal-court jurisdiction, personal jurisdiction, sovereign-immunity assertions, exhaustion requirements, adjudicative authority, enforcement authority, and subject-matter jurisdiction.

9A. Upon information and belief, Defendant Mescalero Apache Tribal Court operates as an administrative, adjudicative, governmental, and enforcement entity exercising or asserting authority affecting Plaintiff, including authority concerning filing intake, docket administration, hearing administration, service processing, preservation of records, procedural review, appellate review, courtroom administration, and related governmental functions.

9B. Plaintiff alleges Defendants acted or purported to act under color of asserted tribal law, governmental authority, official policy, administrative custom, institutional authority, adjudicative authority, procedural authority, and enforcement authority while engaging in the conduct alleged herein, including ongoing conduct, continuing procedural actions, continuing administrative handling, continuing refusal to provide records or confirmations, and continuing preservation-related conduct affecting Plaintiff.

9C. Plaintiff alleges this action seeks prospective declaratory, injunctive, preservation, procedural, and federal-question relief arising under federal law, including 28 U.S.C. § 1331, 28 U.S.C. §§ 2201–2202, Fed. R. Civ. P. 26, 37, and 65, federal common law governing the lawful scope of asserted tribal authority over nonmembers, and 18 U.S.C. § 2265.

9D. Plaintiff alleges the official-capacity Defendants identified herein possess, exercised, implemented, supervised, administered, participated in, or maintained authority concerning filing procedures, service processing, courtroom administration, procedural review, appellate review, records administration, preservation of electronically stored information, law-enforcement coordination, docket administration, and related governmental or adjudicative functions relevant to the claims alleged herein, and are capable of implementing, enforcing, complying with, or directing the prospective relief requested herein.

9E. Plaintiff further alleges the official-capacity Defendants named herein are proper parties for purposes of narrowly tailored prospective declaratory, injunctive, preservation, procedural, and status-quo relief necessary to prevent ongoing irreparable harm, destruction of evidence, procedural obstruction, impairment of federally protected rights, and continuing violations of federal law.

9F. Plaintiff further alleges, upon information and belief, that one or more Defendants operate within, administer, participate in, coordinate with, oversee, or receive support through programs, offices, governmental functions, victim-services systems, law-enforcement systems, judicial systems, or administrative systems supported in whole or in part by federal funding streams, including funding associated with the Violence Against Women Act ("VAWA"), Office on Violence Against Women ("OVW"), Bureau of Indian Affairs ("BIA"), Department of Justice

("DOJ"), victim-services funding, tribal justice system funding, public-safety funding, and related federally supported governmental functions.

9G. Plaintiff alleges the conduct described herein implicates substantial and non-frivolous federal questions concerning federally protected rights, federally mandated protection-order recognition obligations, lawful limitations upon asserted tribal authority over nonmembers, procedural access, meaningful advocacy access, preservation obligations, auditability, maintenance of records, integrity of governmental processes, and preservation of electronically stored information relevant to federally connected proceedings and governmental functions.

## III. FACTUAL ALLEGATIONS

10. Plaintiff alleges protection-order materials and related filings were submitted to the Mescalero Apache Tribal Court and related tribal officials.

11. Plaintiff alleges receipt of materials was acknowledged.

12. Plaintiff alleges uncertainty remains regarding docketing, processing, appellate review, and administrative handling of filings.

12A. Plaintiff further alleges that on or about May 27, 2026, Tribal Court Chief Judge Joab Maestas accepted and provided Defendant Leslie Escalanti with the Order of Protection and Order to Appear referenced herein.

12B. Plaintiff alleges the Mescalero Apache Tribal Court nevertheless refused to provide Plaintiff with documentation, filing records, service confirmation, or processing records demonstrating that the Order of Protection and Order to Appear had been formally processed and served.

12C. Plaintiff alleges the refusal to provide documentation and service records impaired

Plaintiff's ability to provide proof of service and processing to the 12th Judicial District Court, State of New Mexico.

12D. Plaintiff further alleges that on or about May 22, 2026, Plaintiff provided and/or attempted to provide the Order of Protection and Order to Appear to the Bureau of Indian Affairs Office of Justice Mescalero Agencyand the Mescalero Apache Tribal Court for service, processing, recognition, and enforcement purposes.

12E. Plaintiff alleges representatives of the Bureau of Indian Affairs Office of Justice Mescalero Agency and the Mescalero Apache Tribal Court refused to formally accept service, refused to sign for receipt, refused to acknowledge service in writing, and/or refused to provide signed documentation confirming receipt or processing of the materials.

12F. Plaintiff alleges that the Mescalero Apache Tribal Court and Mescalero Apache Tribes General Counsel have violated their own Mescalero Apache Tribal Code by failing to accept the State's Orders.

12G. Plaintiff alleges that despite the orders being accepted and provided to Defendant Leslie Escalanti in court, the Mescalero Apache Tribal Court and/or associated tribal governmental officials continued refusing to provide Plaintiff with signed proof-of-service documentation, formal service confirmation, filing confirmation, docket records, or written processing records.

12H. Plaintiff alleges the refusal to provide signed proof-of-service records and processing documentation materially impaired Plaintiff's ability to demonstrate service, establish enforcement status, provide verification to the 12th Judicial District Court of the State of New Mexico, protect federally recognized rights, and preserve an accurate procedural record.

12I. Plaintiff further alleges the refusal to provide signed service confirmation and docket documentation contributed to ongoing uncertainty regarding procedural handling, administrative processing, preservation of records, and meaningful review of matters affecting Plaintiff.

13. Plaintiff communicated with Defendant Nelva Cervantes concerning appellate status and tracking information.

14. Plaintiff alleges Defendant Cervantes advised there was no available appellate tracking access.

15. Plaintiff communicated with Defendant Thora Padilla.

16. Plaintiff alleges Defendant Padilla stated words to the effect that she had "no control over the Tribal Court."

17. Plaintiff alleges tribal officials, court personnel, and related governmental actors possess records, communications, metadata, electronic communications, administrative materials, surveillance footage, courtroom recordings, hearing recordings, and electronically stored information relevant to Plaintiff and the matters alleged herein.

18. Plaintiff alleges discovery requests were served on or about November 17, 2025.

19. Plaintiff alleges Defendants failed to provide complete discovery responses, failed to produce responsive records, failed to identify custodians or preservation methods, failed to identify preservation systems or retention procedures, and failed to produce privilege logs.

20. Plaintiff alleges responsive records likely include emails, text messages, investigative reports, administrative directives, court communications, electronic records, metadata, surveillance recordings, courtroom recordings, hearing recordings, server records, docketing materials, filing intake records, audit trails, and records concerning jurisdictional assertions.

21. Plaintiff alleges ongoing risk that records, electronically stored information, metadata, recordings, communications, surveillance footage, hearing recordings, audit trails, filing records, service records, and administrative materials may be destroyed, concealed, altered, transferred, overwritten, purged, deleted, modified, or otherwise rendered unavailable absent immediate preservation relief.

21A. Plaintiff further alleges that on or about May 27, 2026, Plaintiff served and/or attempted to file a Motion to Compel Discovery, Preserve Evidence, and for Appropriate Relief with the Mescalero Apache Tribal Court.

21B. Plaintiff alleges the Mescalero Apache Tribal Court refused to accept, docket, process, and/or formally file the Motion to Compel Discovery despite Plaintiff's attempts to submit the filing.

21C. Plaintiff alleges the refusal to accept or process filings concerning discovery preservation, jurisdictional objections, evidentiary issues, and preservation obligations further prejudices Plaintiff's ability to preserve evidence, protect procedural rights, establish factual support, and obtain meaningful review.

22. Plaintiff alleges continuing harm and inability to adequately prepare claims, identify witnesses, establish factual support, preserve evidence, verify service, protect procedural rights, maintain procedural integrity, or obtain meaningful review without emergency relief.

22A. Plaintiff alleges an actual, immediate, and ongoing controversy exists concerning the lawful exercise of asserted tribal authority over Plaintiff, recognition and processing of protection-order materials, preservation of evidence, jurisdictional limitations, procedural access, and Plaintiff's federally protected rights.

22B. Plaintiff alleges refusal to accept filings, refusal to provide docket confirmation, refusal to provide service records, refusal to permit meaningful advocacy support, refusal to provide administrative records, and refusal to maintain transparent procedural handling materially impair meaningful access to adjudicative processes and Plaintiff's ability to protect federally recognized rights.

22C. Plaintiff alleges loss, concealment, destruction, alteration, transfer, overwriting, deletion, modification, or refusal to process records concerning service, docketing, filings, preservation, appellate review, electronic communications, surveillance recordings, and hearing recordings would create irreparable harm incapable of adequate monetary remedy.

22D. Litigation was reasonably foreseeable no later than the time Plaintiff began submitting filings, seeking preservation of evidence, requesting procedural documentation, attempting to compel discovery, challenging jurisdictional assertions, and seeking emergency procedural relief, thereby triggering obligations to preserve electronically stored information and relevant records.

22E. Electronically stored information subject to preservation includes emails, text messages, metadata, audit trails, docket logs, filing intake records, clerk communications, administrative directives, appellate tracking records, server records, call logs, dispatch records, recordings, surveillance materials, memoranda, internal communications, compliance records, preservation records, and funding-related administrative materials concerning Plaintiff.

22F. Plaintiff alleges refusal to accept filings, failure to provide meaningful review, inability to verify appellate procedures, inability to verify filing acceptance, and inability to obtain procedural transparency render tribal exhaustion remedies inadequate, futile, and

incapable of preventing ongoing irreparable prejudice.

22G. Emergency federal review is necessary to prevent continuing prejudice, spoliation of evidence, obstruction of review, procedural impairment, and ongoing impairment of federally protected rights.

22G(1). Plaintiff alleges the conduct, procedural obstruction, refusal to provide records, refusal to provide filing confirmation, refusal to provide service confirmation, refusal to permit meaningful advocacy assistance, and preservation-related risks described herein are ongoing and continuing as of the filing of this action.

22H. Plaintiff alleges the controversy presents substantial federal questions concerning the lawful limits of asserted tribal jurisdiction, recognition of federally protected protection orders, meaningful access to proceedings, federally connected preservation obligations, and preservation of federally relevant evidence.

22I. Plaintiff does not seek wholesale interference with tribal self-governance, but instead seeks narrowly tailored prospective federal relief concerning federal questions, jurisdictional limitations, meaningful access to proceedings, preservation of evidence, procedural protections, and federally protected rights.

22J. Plaintiff alleges a continuing pattern of refusals, delays, inconsistent processing, inability to verify docketing, inability to obtain service records, inability to confirm appellate review status, inability to confirm filing status, and inability to obtain meaningful administrative review.

22K. Plaintiff alleges maintenance of the status quo requires preservation of records, maintenance of docket integrity, acceptance and logging of filings, preservation of electronically

stored information in native format, and prohibition against destruction, alteration, concealment, transfer, deletion, modification, overwriting, purge activity, or off-record amendment of records or evidence.

22L. Plaintiff requests preservation obligations apply to tribal officials, clerks, judges, law-enforcement personnel, administrative personnel, governmental representatives, contractors, agents, information-technology personnel, records custodians, and all persons acting in concert with Defendants.

22M. Plaintiff specifically requests preservation and production of electronically stored information in native electronic format, including associated metadata, audit trails, timestamps, routing records, deletion histories, access histories, export histories, retention schedules, and system-generated information.

22M(1). Plaintiff specifically requests preservation of all courtroom surveillance footage, courtroom audio recordings, hearing recordings, digital recordings, remote-hearing recordings, livestream archives, hallway surveillance footage, lobby surveillance footage, entrance and exit recordings, clerk-office recordings, judicial-access recordings, dispatch recordings, intake recordings, and all related electronically stored information concerning Plaintiff, Defendant Leslie Escalanti, filing attempts, service attempts, hearings, court appearances, and proceedings referenced herein.

22M(2). Plaintiff further requests preservation of all associated metadata, timestamps, audit trails, access logs, export histories, deletion logs, backup archives, chain-of-custody records, camera logs, retention schedules, server logs, overwrite buffers, and native-format electronic video and audio files relating to such recordings.

22M(3). Plaintiff alleges such recordings and electronically stored information are relevant to disputed issues concerning filing attempts, service attempts, acceptance of protection-order materials, courtroom proceedings, procedural handling, preservation obligations, administrative conduct, and actions undertaken by tribal officials and court personnel.

22M(4). Plaintiff alleges surveillance footage, courtroom recordings, electronically stored information, and related metadata may be subject to automatic deletion, overwrite policies, purge systems, retention limitations, concealment, modification, or alteration absent immediate preservation relief.

22M(5). Plaintiff requests immediate suspension of any automatic deletion, overwrite, purge, destruction, concealment, transfer, or modification policies affecting surveillance footage, courtroom recordings, hearing recordings, metadata, audit trails, or electronically stored information relevant to the matters alleged herein.

22N. Plaintiff further alleges Plaintiff requested or sought assistance, support, accompaniment, communication assistance, and/or advocacy services from a family-violence or domestic-violence advocate who is not a tribal member.

22O. Plaintiff alleges the Mescalero Apache Tribal Court, tribal officials, and/or associated governmental actors refused, restricted, interfered with, discouraged, or failed to permit participation, assistance, accompaniment, communication, or advocacy support from a nonmember domestic-violence or family-violence advocate.

22P. Plaintiff alleges such restrictions impaired Plaintiff's ability to meaningfully access proceedings, understand procedural requirements, protect federally recognized rights, obtain assistance concerning protection-order enforcement, preserve evidence, and participate fairly in

proceedings affecting Plaintiff.

22Q. Plaintiff further alleges the refusal to permit nonmember advocacy support contributed to procedural imbalance, procedural disadvantage, and appearance of partiality in the handling, administration, processing, and review of matters affecting Plaintiff.

22R. Plaintiff alleges federally protected domestic-violence protections and federally recognized protection-order enforcement obligations under 18 U.S.C. § 2265 contemplate meaningful procedural access and protection against arbitrary interference with efforts to obtain safety-related advocacy assistance.

22S. Plaintiff alleges refusal to permit advocacy assistance from a nonmember advocate contributed to ongoing prejudice, procedural disadvantage, and impairment of Plaintiff's ability to protect federally recognized rights.

22T. Plaintiff further alleges that witnesses, documentary evidence, electronically stored information, communications, administrative records, funding-related records, preservation records, and additional evidentiary materials exist and are expected to further support Plaintiff's allegations concerning protected activity, retaliation, procedural obstruction, preservation failures, federally connected funding compliance issues, and whistleblower-related claims alleged herein.

22U. Plaintiff alleges relevant witnesses will include court personnel, tribal officials, law-enforcement personnel, administrative personnel, governmental representatives, advocates, individuals present during filing or service attempts, individuals with knowledge concerning recordkeeping practices, and persons possessing knowledge concerning preservation obligations, funding-related compliance practices, procedural handling, docket administration, or actions

undertaken in response to Plaintiff's protected activity.

22V. Plaintiff alleges additional supporting evidence may include emails, text messages, internal communications, administrative directives, metadata, audit trails, surveillance footage, courtroom recordings, funding-related records, grant-related records, compliance records, preservation notices, filing records, intake logs, service records, and other electronically stored information relevant to the claims and federal questions presented herein.

22W. Plaintiff alleges discovery and preservation relief are necessary to ensure such evidence and witness information remain available for meaningful judicial review, evidentiary development, compliance review, adjudication of the claims alleged herein, and protection against spoliation or destruction of evidence.

## IV. COUNT I

## DECLARATORY RELIEF AND FEDERAL

## PROTECTION-ORDER RECOGNITION CLAIM

23. Plaintiff incorporates all prior allegations.

24. Congress enacted the Violence Against Women Act ("VAWA"), including 18 U.S.C. § 2265.

25. Plaintiff alleges the New Mexico protection order constitutes a qualifying protection order under federal law.

26. Plaintiff alleges relevant protection-order materials were submitted to Defendants.

27. Plaintiff seeks declarations concerning rights and obligations arising under 18 U.S.C. § 2265.

28. Plaintiff seeks declarations clarifying recognition obligations, procedural protections,

preservation responsibilities, and limitations upon the exercise of asserted tribal authority over nonmembers under federal law.

28A. Plaintiff alleges federal law limits the lawful exercise of tribal jurisdiction over nonmembers.

28B. Plaintiff alleges Defendants acted under color of asserted tribal authority to exercise governmental, administrative, adjudicative, and enforcement power affecting federally protected rights and obligations.

28C. Plaintiff seeks prospective declaratory and injunctive relief concerning ongoing exercises of asserted authority where federal questions and federally protected rights are implicated.

28D. Plaintiff alleges prospective relief against officials acting under asserted governmental authority is authorized under principles recognized in Ex parte Young, 209 U.S. 123 (1908).

28E. Plaintiff alleges federal courts possess authority to determine the lawful scope of tribal-court jurisdiction over nonmembers under Montana v. United States, 450 U.S. 544 (1981), Strate v. A-1 Contractors, 520 U.S. 438 (1997), Nevada v. Hicks, 533 U.S. 353 (2001), National Farmers Union Insurance Companies v. Crow Tribe of Indians, 471 U.S. 845 (1985), and Iowa Mutual Insurance Company v. LaPlante, 480 U.S. 9 (1987).

28F. Plaintiff further alleges that federal limitations upon tribal authority over nonmembers have been recognized in Oliphant v. Suquamish Indian Tribe, 435 U.S. 191 (1978), and Duro v. Reina, 495 U.S. 676 (1990).

28G. Plaintiff alleges the Supremacy Clause of Article VI of the United States

Constitution preempts conflicting governmental conduct inconsistent with federally mandated protection-order recognition obligations.

28H. Plaintiff alleges 18 U.S.C. § 2265 requires qualifying protection orders to be accorded full faith and credit and enforced consistent with federal law.

28I. Plaintiff alleges no tribal custom, administrative practice, sovereign-immunity assertion, or governmental process may materially obstruct federally mandated protection-order recognition obligations.

28J. Plaintiff alleges refusal to process filings, refusal to provide service confirmation, refusal to preserve records, refusal to permit meaningful advocacy support, and refusal to maintain docket integrity materially impair federally protected rights.

28J(1). Plaintiff alleges refusal to provide signed proof-of-service records, filing confirmation, docket records, or written acknowledgment of receipt concerning qualifying protection-order materials materially impairs federally protected recognition and enforcement interests arising under 18 U.S.C. § 2265 and contributes to ongoing irreparable prejudice requiring prospective federal relief.

28K. Plaintiff acknowledges limitations recognized in Santa Clara Pueblo v. Martinez, 436 U.S. 49 (1978), and therefore seeks prospective declaratory, injunctive, and preservation relief concerning ongoing alleged violations of federal law and federally protected rights rather than impermissible retrospective damages against tribal sovereign entities.

28L. Plaintiff alleges Defendants, acting under color of asserted tribal authority, governmental custom, administrative practice, and institutional policy, exercised adjudicative and administrative power affecting Plaintiff while federal rights and jurisdictional limitations

remained disputed.

28M. Plaintiff alleges tribal authority, sovereign-immunity assertions, tribal policy, tribal custom, and tribal procedures cannot lawfully supersede, nullify, obstruct, or materially interfere with federally mandated obligations arising under the Violence Against Women Act and 18 U.S.C. § 2265.

28N. Plaintiff alleges federal-question jurisdiction exists because Plaintiff seeks determination of substantial federal issues concerning the lawful limits of tribal authority, enforcement of federally recognized protection orders, procedural access, preservation of evidence, and ongoing prospective violations of federal law.

28O. Plaintiff alleges emergency prospective relief is necessary to prevent ongoing irreparable injury, spoliation of evidence, obstruction of review, denial of meaningful procedural access, and impairment of federally protected rights.

28O(1). Plaintiff alleges immediate and irreparable injury will occur absent emergency prospective relief because evidence relevant to the federal questions presented herein may be destroyed, overwritten, concealed, altered, or rendered unavailable; because procedural access and review may continue to be impaired; and because monetary damages alone cannot adequately remedy the ongoing loss of evidence, procedural protections, and federally protected rights. Plaintiff further alleges the requested relief is narrowly tailored to preserve the status quo, prevent irreparable harm, and protect the public interest in enforcement of federal law consistent with Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7 (2008).

28P. Plaintiff alleges the refusal to permit meaningful advocacy support from a nonmember domestic-violence advocate, refusal to provide signed proof-of-service records,

refusal to accept filings, and refusal to preserve records collectively contribute to ongoing irreparable prejudice and materially impair Plaintiff's ability to protect federally recognized rights arising under federal law, including the Violence Against Women Act and 18 U.S.C. § 2265.

28Q. Plaintiff alleges federal law governing recognition and enforcement of qualifying protection orders preempts conflicting governmental conduct under the Supremacy Clause of Article VI of the United States Constitution.

28R. Plaintiff alleges that tribal customs, policies, administrative practices, or sovereign-immunity assertions cannot lawfully nullify or materially obstruct federally mandated protection-order recognition obligations imposed by Congress under 18 U.S.C. § 2265.

28S. Plaintiff alleges prospective declaratory and injunctive relief is appropriate where ongoing conduct threatens federally protected rights, preservation of evidence, meaningful procedural access, and lawful review of jurisdictional limitations.

28T. Plaintiff alleges Defendants' actions and omissions have created continuing uncertainty concerning filing integrity, service verification, procedural access, preservation obligations, and lawful exercise of asserted authority over Plaintiff.

28U. Plaintiff alleges emergency federal intervention is narrowly requested for the limited purposes of preserving evidence, protecting federally recognized rights, maintaining the status quo, preventing continuing irreparable harm pending adjudication of the federal questions presented herein, and ensuring meaningful prospective review without seeking wholesale supervision of tribal governmental operations.

28V. Plaintiff further alleges that federal courts retain authority to determine whether

tribal officials or tribal-court actors exceeded lawful jurisdictional authority over a nonmember under federal common law and federal-question jurisdiction principles.

28W. Plaintiff alleges the conduct described herein implicates substantial federal interests concerning domestic-violence protections, protection-order enforcement, procedural fairness, preservation of evidence, and meaningful access to adjudicative proceedings.

28W(1). Plaintiff further alleges that certain governmental, court-related, domestic-violence-related, administrative, advocacy-related, and protection-order-related functions referenced herein are believed to operate in connection with federal funding, grant funding, federally supported programs, federally connected compliance obligations, and/or federally regulated funding conditions, thereby further implicating substantial federal interests and preservation obligations.

28X. Plaintiff alleges refusal to provide signed proof-of-service documentation, refusal to provide filing confirmations, refusal to maintain transparent docket records, and refusal to preserve surveillance and courtroom recordings materially interfere with Plaintiff's ability to demonstrate compliance, seek enforcement, protect safety interests, and obtain meaningful judicial review.

28Y. Plaintiff alleges preservation of surveillance footage, courtroom recordings, hearing recordings, metadata, audit trails, filing records, and service records is necessary because such evidence may directly confirm or refute disputed factual issues concerning filing attempts, service attempts, judicial handling, procedural conduct, and actions undertaken by Defendants.

28Z. Plaintiff alleges immediate preservation relief is necessary because electronically stored information and surveillance-related evidence may be subject to automatic deletion,

overwrite systems, purge policies, retention limitations, alteration, concealment, deletion, transfer, or loss absent immediate court intervention.

## V. COUNT II

## TEMPORARY RESTRAINING ORDER

## AND PRELIMINARY INJUNCTION

## (Fed. R. Civ. P. 65)

29. Plaintiff incorporates all prior allegations.

30. Plaintiff seeks temporary restraining and preliminary injunctive relief pursuant to Fed. R. Civ. P. 65.

31. Plaintiff alleges immediate and irreparable injury absent emergency prospective relief.

32. Plaintiff alleges continuing inability to confirm filing status, processing status, administrative handling, appellate review, preservation compliance, and service confirmation.

33. Plaintiff alleges ongoing risk of destruction, concealment, transfer, alteration, deletion, overwriting, purge activity, or loss of evidence, electronically stored information, surveillance recordings, courtroom recordings, metadata, audit trails, and related records relevant to the federal questions presented herein.

34. Plaintiff alleges monetary damages alone cannot adequately remedy continuing harm arising from loss of evidence, impairment of procedural access, inability to obtain meaningful review, or continuing interference with federally protected rights.

35. Plaintiff alleges emergency relief satisfies the standards articulated in Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7 (2008), because Plaintiff has raised serious

federal questions concerning the lawful scope of asserted tribal authority over a nonmember, federally mandated protection-order recognition obligations, preservation of evidence, and ongoing procedural obstruction; because irreparable harm is likely absent relief; because the balance of equities favors preservation of evidence and maintenance of the status quo; and because the public interest favors enforcement of federal law and preservation of judicial integrity.

35A. Plaintiff alleges a likelihood of success, or at minimum sufficiently serious federal questions going to the merits, because the action presents substantial issues concerning federally mandated protection-order recognition obligations, lawful limitations upon asserted tribal authority over nonmembers, ongoing procedural obstruction, preservation of evidence, and prospective relief authorized under federal law.

36. Plaintiff requests preservation of the status quo pending adjudication of this action.

36A. Plaintiff alleges refusal to accept filings, refusal to permit meaningful advocacy support, refusal to provide signed proof-of-service records, refusal to maintain transparent docketing procedures, and refusal to preserve evidence create immediate risk of continuing irreparable harm.

36B. Plaintiff alleges emergency injunctive relief is necessary to prevent further prejudice, maintain integrity of records, preserve evidence in native electronic format, protect federally recognized rights, and prevent spoliation of evidence pending adjudication of the federal questions presented herein.

36C. Plaintiff alleges the balance of equities favors narrowly tailored preservation, procedural, and status-quo relief because Plaintiff seeks protection against loss of evidence,

procedural obstruction, and continuing prejudice rather than broad interference with tribal governance or wholesale supervision of tribal governmental operations.

36D. Plaintiff alleges the public interest favors enforcement of federally recognized protection-order obligations, preservation of evidence, integrity of judicial proceedings, procedural transparency, and protection against destruction, concealment, alteration, or loss of records relevant to federal questions.

36E. Plaintiff alleges preservation of existing conditions and immediate maintenance of filing integrity, service records, courtroom recordings, surveillance footage, metadata, audit trails, and electronically stored information are necessary to prevent irreparable prejudice before meaningful adjudication can occur.

36F. Plaintiff alleges refusal to provide procedural transparency and refusal to preserve evidence impair Plaintiff's ability to seek meaningful review and create substantial risk that critical evidence may become unavailable absent immediate injunctive relief.

36G. Plaintiff further alleges the conduct described herein is ongoing and continuing as of the filing of this action and therefore warrants prospective declaratory, preservation, and injunctive relief directed toward preventing continuing irreparable harm.

36H. Plaintiff alleges the requested emergency relief is narrowly tailored to preserve evidence, maintain the status quo, prevent destruction or alteration of records, protect meaningful procedural access, and ensure lawful adjudication of the substantial federal questions presented herein.

36I. Plaintiff further alleges this Court possesses authority under the All Writs Act, 28 U.S.C. § 1651(a), to issue orders necessary or appropriate in aid of its jurisdiction, including

narrowly tailored preservation and status-quo relief necessary to prevent spoliation of evidence and impairment of meaningful federal review.

36J. Plaintiff alleges temporary restraining relief is appropriate to preserve existing conditions and prevent irreparable harm pending meaningful adjudication consistent with Granny Goose Foods, Inc. v. Brotherhood of Teamsters, 415 U.S. 423 (1974).

36K. Plaintiff further alleges federal courts possess inherent authority to protect the integrity of judicial proceedings, prevent spoliation of evidence, and preserve the availability of relevant evidence consistent with Chambers v. NASCO, Inc., 501 U.S. 32 (1991).

## VI. COUNT III

## RECORD PRESERVATION RELIEF

## (Fed. R. Civ. P. 26; Fed. R. Civ. P. 37; Fed. R. Civ. P. 65; 28 U.S.C. § 1651)

37. Plaintiff incorporates all prior allegations.

38. Plaintiff requests preservation of records and electronically stored information.

39. Plaintiff requests litigation-hold relief and entry of preservation orders necessary to prevent destruction, alteration, concealment, deletion, overwriting, transfer, or loss of relevant evidence.

40. Plaintiff alleges Defendants knew or reasonably should have known litigation was pending, reasonably foreseeable, or reasonably anticipated at the time of Plaintiff's filings, discovery requests, motions, service attempts, and preservation demands.

41. Plaintiff alleges Defendants possessed obligations to preserve potentially relevant evidence once litigation became reasonably foreseeable, including electronically stored information, communications, recordings, metadata, audit trails, and administrative records.

42. Plaintiff alleges evidence includes electronic communications, emails, text messages, recordings, investigative reports, court records, administrative records, metadata, surveillance footage, courtroom recordings, hearing recordings, filing records, docket logs, intake records, server logs, dispatch communications, and agency communications.

43. Plaintiff alleges destruction, concealment, alteration, overwriting, deletion, transfer, modification, or loss of evidence would substantially prejudice Plaintiff and create irreparable harm incapable of adequate remedy through monetary damages.

43A. Plaintiff specifically requests preservation of all surveillance footage, courtroom recordings, audio recordings, hearing recordings, body-camera recordings, dispatch recordings, lobby recordings, hallway recordings, clerk-office recordings, intake recordings, security footage, remote-hearing recordings, livestream recordings, and electronically stored information concerning Plaintiff and the matters alleged herein.

43B. Plaintiff requests preservation of all associated metadata, timestamps, access logs, audit trails, deletion histories, overwrite histories, retention schedules, chain-of-custody records, backup archives, export histories, system logs, and native-format electronic files.

43C. Plaintiff requests immediate suspension of any automatic deletion, purge, overwrite, destruction, retention-limit, archival rotation, or modification procedures affecting relevant electronically stored information or recordings.

43D. Plaintiff alleges failure to preserve electronically stored information, metadata, recordings, or related evidence may result in spoliation prejudice that cannot be adequately remedied at a later stage of proceedings.

43E. Plaintiff further requests preservation of all courtroom-security systems, digital

evidence-management systems, cloud-storage repositories, archived recordings, clerk-office systems, judicial communication systems, dispatch systems, and all electronic storage platforms containing potentially relevant information.

43F. Plaintiff alleges preservation in native electronic format is necessary to maintain metadata integrity, timestamps, audit histories, and evidentiary authenticity concerning disputed filing attempts, service attempts, docket handling, and procedural actions.

43G. Plaintiff alleges preservation relief requested herein is narrowly tailored and necessary to maintain the status quo, prevent spoliation of evidence, and ensure meaningful adjudication of the federal questions presented in this action.

43H. Plaintiff alleges federal authority for preservation relief arises under Fed. R. Civ. P. 26, Fed. R. Civ. P. 37, Fed. R. Civ. P. 65, and the Court's inherent authority to preserve the integrity of proceedings.

43I. Plaintiff further alleges federal courts possess authority under the All Writs Act, 28 U.S.C. § 1651(a), to issue orders necessary or appropriate in aid of jurisdiction, including preservation orders to prevent frustration of judicial review and spoliation of evidence.

43J. Plaintiff alleges preservation duties arise when litigation is pending or reasonably foreseeable, including circumstances where relevant evidence may be lost or destroyed absent timely preservation measures, consistent with Silvestri v. General Motors Corp., 271 F.3d 583 (4th Cir. 2001).

43K. Plaintiff alleges preservation obligations are particularly critical where electronically stored information is subject to automatic deletion, overwrite functions, retention limits, or system-based purging absent immediate court intervention.

43L. Plaintiff alleges courts routinely recognize that failure to preserve electronically stored information can justify sanctions or remedial orders where spoliation threatens the integrity of adjudication, consistent with Zubulake v. UBS Warburg LLC, 220 F.R.D. 212 (S.D.N.Y. 2003).

43M. Plaintiff alleges preservation relief is necessary to prevent spoliation, ensure meaningful access to evidence, and maintain the status quo pending adjudication of the federal questions presented in this action.

## VII. COUNT IV

## DISCOVERY COMPLIANCE AND JURISDICTIONAL DISCLOSURE RELIEF

51. Plaintiff incorporates all prior allegations.

52. Plaintiff alleges Defendants failed to adequately respond to discovery requests concerning communications, investigative materials, administrative records, jurisdictional assertions, and electronically stored information.

53. Plaintiff alleges Defendants failed to identify custodians searched, preservation measures undertaken, or methods used to locate electronically stored information.

54. Plaintiff alleges Defendants failed to produce documents sufficient to support or substantiate assertions that the Mescalero Apache Tribal Court possesses lawful jurisdiction over Plaintiff and/or the matters alleged herein, including documents relevant to any asserted legal, administrative, or policy basis for such jurisdiction.

55. Plaintiff asserts jurisdiction is disputed and cannot be presumed solely through initiation of proceedings, administrative assertion, or unilateral declarations of authority absent supporting legal or factual documentation.

56. Plaintiff seeks disclosure of jurisdictional authority materials, including but not limited to tribal resolutions, ordinances, agreements, memoranda, directives, policies, internal rules, customs, and administrative practices relevant to asserted jurisdiction, to the extent such materials are relevant to jurisdictional defenses and federal questions presented in this action.

57. Plaintiff alleges inability to access such information materially prejudices the ability to meaningfully challenge jurisdictional assertions, evaluate lawful authority, and protect procedural and federally recognized rights.

58. Plaintiff alleges Defendants' discovery obligations include production of responsive documents, identification of custodians, and disclosure of methods used to search for electronically stored information, consistent with Fed. R. Civ. P. 26(b)(1) and Fed. R. Civ. P. 34.

59. Plaintiff alleges Defendants' failure to comply with these obligations constitutes discovery noncompliance subject to relief under Fed. R. Civ. P. 37 and prevents meaningful evaluation of jurisdictional authority and federal questions presented in this action.

50A. Plaintiff alleges refusal to accept or process Plaintiff's Motion to Compel Discovery, Preserve Evidence, for Appropriate Relief materially obstructed Plaintiff's efforts to obtain discovery.

**50B. Plaintiff alleges Defendants failed to produce or identify records sufficient to** establish lawful jurisdiction over Plaintiff or the subject matter alleged herein.

50C. Plaintiff alleges refusal to disclose jurisdictional authority, procedural authority, and electronically stored information handling procedures contributes to ongoing prejudice and irreparable harm that cannot be fully remedied through later proceedings. and preservation relief.

**57A. ANTICIPATED RULE 12 DEFENSES AND OPPOSITION TO DISMISSAL**

Plaintiff anticipates that Defendants may move to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), including on grounds of tribal sovereign immunity, failure to exhaust tribal remedies, and alleged lack of subject-matter jurisdiction. Plaintiff respectfully submits the following anticipatory opposition.

**A. Tribal Sovereign Immunity Does Not Bar Prospective Federal Relief Against Officials**

Plaintiff seeks primarily prospective declaratory, injunctive, and preservation relief to prevent ongoing violations of federal law and to preserve evidence. Under established federal precedent, suits seeking prospective relief against governmental officials acting in their official capacities may proceed where necessary to enjoin ongoing violations of federal law. See Ex Parte Young, 209 U.S. 123 (1908).

Plaintiff alleges that the relief sought is narrowly tailored to prevent continuing irreparable harm, including destruction of evidence and ongoing procedural obstruction, rather than retrospective monetary damages against a sovereign entity.

**B. Federal Question Jurisdiction Exists Independent of Sovereign Immunity Assertions**

Plaintiff alleges federal jurisdiction under 28 U.S.C. § 1331 based on substantial federal questions, including:

• enforcement and recognition issues under 18 U.S.C. § 2265;

• federal limits on tribal jurisdiction over nonmembers under controlling Supreme Court precedent; and

• preservation obligations for evidence relevant to federal claims and federal statutory

rights.

Sovereign immunity does not eliminate federal question jurisdiction where federal law governs the scope of relief against officials or where prospective relief is sought to prevent ongoing violations of federal law.

## C. Exhaustion of Tribal Remedies Is Not Required Where It Would Be Futile or Inadequate

Plaintiff alleges that tribal exhaustion doctrines, to the extent applicable, are prudential and not jurisdictional in nature. See National Farmers Union Ins. Cos. v. Crow Tribe of Indians, 471 U.S. 845 (1985).

Exhaustion is not required where:

• Tribal jurisdiction is asserted in a manner exceeding lawful limits;

• Exhaustion would be futile due to lack of meaningful procedural access;

• There is an immediate risk of irreparable harm, including loss or destruction of evidence; and/or

• Administrative or appellate remedies are unavailable, unclear, or incapable of meaningful review.

Plaintiff alleges that refusal or inability to provide docketing confirmation, appellate tracking information, and filing acceptance records renders exhaustion inadequate as a practical matter.

## D. Immediate Federal Relief Is Necessary to Prevent Irreparable Harm

Plaintiff alleges that ongoing destruction, alteration, or failure to preserve electronically stored information (ESI), including surveillance footage, courtroom recordings, and

docketing logs, creates immediate and irreparable harm that cannot be remedied through later review.

Courts routinely recognize that spoliation of evidence and loss of ESI support immediate injunctive and preservation relief under Federal Rule of Civil Procedure 65.

## E. Claims Are Limited to Prospective Relief and Preservation Remedies

Plaintiff does not seek improper retrospective damages against tribal sovereign entities in violation of Santa Clara Pueblo v. Martinez, 436 U.S. 49 (1978), but instead seeks narrowly tailored prospective relief, including:

• preservation of evidence;

• maintenance of docket integrity;

• prevention of destruction of ESI; and

• declaratory relief regarding federal statutory obligations.

Accordingly, dismissal under Rule 12(b)(1) or 12(b)(6) is not warranted at the pleading stage.

## 57B. MONTANA v. UNITED STATES — TRIBAL JURISDICTION EXCEPTIONS

Plaintiff addresses anticipated reliance on Montana v. United States, 450 U.S. 544 (1981), and its progeny concerning tribal civil authority over nonmembers.

Plaintiff alleges that even where Montana establishes a general presumption against tribal civil jurisdiction over nonmembers, the Supreme Court has recognized limited exceptions under which tribal authority may extend to nonmembers.

## A. Consensual Relationships Exception

Under Montana, tribal civil authority may extend to nonmembers who enter into consensual

relationships with the tribe, tribal members, or tribal entities through commercial dealings, contracts, or other arrangements that create a sufficient nexus to tribal governance interests.

## B. Threat to Tribal Self-Government or Internal Relations Exception

Montana further recognizes that tribal authority may extend to nonmembers where their conduct has a direct effect on the tribe's political integrity, economic security, health, or welfare.

## C. Limits on Broad Jurisdictional Assertions

Plaintiff alleges that Supreme Court precedent requires a case-specific inquiry into jurisdiction and does not permit broad or categorical assertions of civil jurisdiction over nonmembers absent satisfaction of recognized exceptions.

Plaintiff further alleges that jurisdictional determinations must be supported by identifiable legal authority, factual findings, and procedural transparency sufficient to permit meaningful judicial review.

## D. Relevance to Federal Question Jurisdiction

Plaintiff alleges that disputes concerning the existence, scope, and lawful exercise of asserted tribal civil jurisdiction over a nonmember present substantial federal questions under controlling Supreme Court precedent and therefore fall within federal-question jurisdiction under 28 U.S.C. § 1331.

## 58. RELIEF REQUESTED

Plaintiff seeks:

a. declaratory relief regarding interference with protected activity;

b. injunctive relief prohibiting further adverse conduct;

c. preservation and litigation hold of all electronically stored information (ESI); and

d. such further relief as the Court deems just and proper.

## IX. RULE 65(b) CERTIFICATION

Plaintiff certifies that immediate and irreparable injury will occur absent emergency relief.

Plaintiff certifies that efforts undertaken to provide notice include submission of filings, communications with tribal officials, communications regarding processing and appellate review, service efforts directed toward relevant parties, and attempts to file discovery and preservation motions.

Plaintiff requests emergency relief to preserve evidence, maintain the status quo, protect federally recognized rights, and prevent irreparable prejudice.

Plaintiff alleges immediate preservation relief is necessary because surveillance footage, courtroom recordings, electronic records, metadata, and electronically stored information may otherwise be altered, deleted, overwritten, concealed, or lost.

## X. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter declaratory relief authorized by 28 U.S.C. §§ 2201–2202;

B. Enter a Temporary Restraining Order;

C. Enter a Preliminary Injunction;

D. Order preservation of records and electronically stored information;

E. Enter litigation-hold directives;

F. Compel production of responsive records and discovery materials;

G. Require supplementation of incomplete disclosures;

H. Require identification of custodians, preservation efforts, and ESI search methods;

I. Permit adverse evidentiary inferences where appropriate;

J. Award such additional relief authorized by law and deemed just and proper;

K. Order expedited consideration and emergency scheduling necessary to prevent irreparable harm;

L. Order preservation of ESI, metadata, audit trails, docket records, filing intake records, communications, recordings, surveillance footage, and courtroom recordings;

M. Prohibit destruction, concealment, alteration, transfer, deletion, overwriting, or interference with records or evidence;

N. Require preservation of all surveillance and courtroom recording systems and related ESI;

O. Require preservation of metadata, timestamps, audit trails, deletion logs, retention schedules, backup archives, and native-format files;

P. Suspend any automatic deletion, overwrite, purge, or modification systems affecting relevant evidence;

Q. Require maintenance of docket integrity, filing records, service records, and administrative records pending further order of the Court;

R. Grant such further relief as justice requires.

## XI. VERIFICATION

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

Executed this

**2nd** day of June, 2026.

_____

**MIDA ESCALANTI-GONZALEZ**

**575-937-148**

**deadlylove1327@gmail.com**

**P.O. Box 8223**

**Ruidoso NM**

**88345**

Plaintiff Pro Se

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| MIDA ESCALANTI-GONZALEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. _____ |
| | ) | |
| MESCALERO APACHE TRIBE; | ) | |
| MESCALERO APACHE TRIBAL COURT; | ) | |
| LESLIE ESCALANTI, individually; | ) | |
| THORA PADILLA, in official capacity; | ) | |
| MELANIE SPITTY, in official capacity; | ) | |
| ZANDRA SMITH, in official capacity; | ) | |
| NELVA CERVANTES, in official capacity; | ) | |
| OFFICER TITUS, in official capacity; | ) | |
| CHIEF OF POLICE SCOTT KETCHUM, | ) | |
| in official capacity; | ) | |
| LEONARD KANESEWAH, Tribal Court Judge, | ) | |
| in official capacity; | ) | |
| PAMELA MORGAN, Tribal Court Judge, | ) | |
| in official capacity; | ) | |
| SALEM TORTILLA, in official capacity, | ) | |
| Joab Maestas, Chief Judge Tribal Court, | ) | |
| In official capacity | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING PLAINTIFF'S EMERGENCY MOTION FOR**

**PRELIMINARY INJUNCTION, EVIDENCE PRESERVATION, LITIGATION HOLD,**

**AND EXPEDITED RELIEF**

(Fed. R. Civ. P. 65)

THIS MATTER comes before the Court on Plaintiff's Emergency Motion for Preliminary Injunction, Evidence Preservation, Litigation Hold, and Expedited Consideration.

Having reviewed the Motion, the pleadings on file, and the applicable law, the Court FINDS and ORDERS as follows:

## I. FINDINGS

1. Plaintiff has demonstrated that this Court has subject-matter jurisdiction under 28 U.S.C. § 1331.

2. Plaintiff has demonstrated that the requested relief is **preservational and prospective in nature**, seeking to maintain the status quo pending adjudication.

3. Plaintiff has made a sufficient showing of:

a. Serious questions going to the merits;

b. Likelihood of irreparable harm absent relief;

c. Balance of equities favoring preservation; and

d. Public interest supporting preservation of evidence and judicial integrity.

(See Winter v. Natural Resources Defense Council, 555 U.S. 7 (2008)).

4. The Court finds that electronically stored information ("ESI"), recordings, logs, filings, and related evidence described in Plaintiff's Motion may be relevant and subject to loss absent immediate preservation.

5. The Court finds that preservation of evidence is necessary to prevent irreparable harm and ensure meaningful judicial review.

## II. ORDER GRANTING PRELIMINARY INJUNCTION

IT IS HEREBY ORDERED that Plaintiff's Motion for Preliminary Injunction is GRANTED.

## III. PRESERVATION OF RECORDS AND ESI

IT IS FURTHER ORDERED that all Defendants shall preserve, without alteration, deletion, overwriting, or destruction, all records relevant to this litigation, including but not limited to:

Documents and filings

Communications (email, text, messaging systems)

Electronically stored information ("ESI")

Audio and video recordings

Surveillance footage

Courtroom recordings and hearing recordings

Administrative and investigative records

Logs, metadata, audit trails, and access histories

## IV. LITIGATION HOLD

IT IS FURTHER ORDERED that Defendants shall immediately implement a litigation hold requiring:

Suspension of all automatic deletion, overwrite, purge, or retention-based destruction systems;

Preservation of all potentially relevant ESI in native format;

Preservation of associated metadata, timestamps, and system-generated logs;

Suspension of any routine data disposal practices affecting relevant information.

## V. COURT RECORDS AND DOCKET INTEGRITY

IT IS FURTHER ORDERED that Defendants shall preserve:

Docket entries and filing logs

Filing intake records

Service records and service confirmations

Clerk communications related to filings

Records of modification, deletion, or alteration of any docket information

## VI. SURVEILLANCE AND RECORDING SYSTEMS

IT IS FURTHER ORDERED that Defendants shall preserve all:

Surveillance footage (hallway, lobby, courtroom, and facility-wide)

Audio/video recordings of hearings or proceedings

Security system recordings

Body-worn camera recordings (if applicable)

Associated metadata, system logs, and retention data

## VII. DISCOVERY PRESERVATION DISCLOSURE

IT IS FURTHER ORDERED that Defendants shall:

Identify custodians of relevant ESI and records;

Identify steps taken to preserve such evidence;

Describe systems used to store, maintain, or archive responsive materials;

Confirm implementation of litigation holds.

## VIII. EXPEDITED RELIEF

IT IS FURTHER ORDERED that:

This matter shall receive expedited consideration to the extent permitted by the Court's calendar;

Any response deadlines may be adjusted as necessary to prevent irreparable harm.

## IX. STATUS QUO PRESERVATION

IT IS FURTHER ORDERED that all Defendants shall maintain the current condition of relevant records and systems to prevent alteration, loss, or destruction pending further order of the Court.

## X. DURATION

This Order shall remain in effect until further order of the Court.

**IT IS SO ORDERED.**

Dated: _____d____, 2026


UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| MIDA ESCALANTI-GONZALEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. _____ |
| | ) | |
| MESCALERO APACHE TRIBE; | ) | |
| MESCALERO APACHE TRIBAL COURT; | ) | |
| LESLIE ESCALANTI, individually; | ) | |
| THORA PADILLA, in official capacity; | ) | |
| MELANIE SPITTY, in official capacity; | ) | |
| ZANDRA SMITH, in official capacity; | ) | |
| NELVA CERVANTES, in official capacity; | ) | |
| OFFICER TITUS, in official capacity; | ) | |
| CHIEF OF POLICE SCOTT KETCHUM, | ) | |
| in official capacity; | ) | |
| LEONARD KANESEWAH, Tribal Court Judge, | ) | |
| in official capacity; | ) | |
| PAMELA MORGAN, Tribal Court Judge, | ) | |
| in official capacity; | ) | |
| SALEM TORTILLA, in official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**PROPOSED ORDER GRANTING**
**TEMPORARY RESTRAINING ORDER**
**AND LIMITED PRESERVATION RELIEF**

THIS MATTER comes before the Court on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction pursuant to Fed. R. Civ. P. 65 and Rule 65(b).

The Court, having reviewed the motion, verified complaint, supporting materials, and applicable law, finds Plaintiff has made a sufficient showing for limited emergency relief directed solely toward preservation of evidence and maintenance of status quo pending further proceedings.

FINDINGS

The Court finds:

1. Plaintiff alleges she is the protected party under a facially valid Order of Protection issued by the 12th Judicial District Court, State of New Mexico, involving Defendant Leslie Escalanti.

2. Plaintiff alleges the protection order constitutes a qualifying protection order under 18 U.S.C. § 2265(b).

3. Plaintiff alleges the protection order and related materials were submitted to Defendants.

4. Plaintiff alleges uncertainty regarding docketing, processing, and record status.

5. Plaintiff has demonstrated potential irreparable harm absent immediate preservation of relevant records.

6. Relief granted herein is narrowly tailored to preservation and status quo purposes only.

ORDERED RELIEF

IT IS HEREBY ORDERED:

1. TEMPORARY RESTRAINING ORDER

A Temporary Restraining Order is GRANTED.

2. PRESERVATION / LITIGATION HOLD

All Defendants shall immediately preserve records and electronically stored information potentially relevant to this action, including:

• intake and filing logs

• docketing and case assignment records

• protection-order submissions and processing materials

• communications with or about Plaintiff

• internal communications regarding Plaintiff's filings

• law enforcement referral or response records

• metadata and electronically stored information

Defendants shall not destroy, alter, conceal, transfer, or delete such materials.

3. LIMITED RECORD ACCESS / INSPECTION

Defendants shall preserve records identified herein.

Nothing in this Order requires immediate production of records except upon further Order of the Court.

Plaintiff may seek further inspection, production, or status-verification relief through subsequent motion practice.

This provision is limited solely to preservation and status quo purposes.

4. STATUS QUO

The parties shall maintain the status quo regarding records and proceedings related to Plaintiff's protection-order submissions pending further Order of the Court.

5. FURTHER PROCEEDINGS

A hearing on Plaintiff's Motion for Preliminary Injunction is set for:

Date: _____

Time: _____

Courtroom: _____

6. NO MODIFICATION OF STATE ORDERS

Nothing in this Order shall be construed as modifying, vacating, or altering any state-court custody, domestic-relations, or protection-order judgment.

7. LIMITED SCOPE

This Order is narrowly tailored solely to preserve evidence, maintain status quo conditions, and prevent potential irreparable harm pending further proceedings.

Nothing herein constitutes findings on ultimate merits.

8. EXPIRATION

Unless extended by further Order of the Court, this Temporary Restraining Order shall remain effective pursuant to Rule 65(b).

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

Date: _____