**EXHIBIT A NEW MEXICO ORDER OF PROTECTION**

STATE OF NEW MEXICO
COUNTY OF LINCOLN
TWELFTH JUDICIAL DISTRICT

LINCOLN CO. 12TH DISTRICT COURT
FILED 22 May 2026 7:55 AM

**MIDA FRANCES ESCALANTI**, Petitioner,

GL

v.

No. D-1226-DV-2024-00045 (III)

**LESLIE JOSEPH ESCALANTI**, Respondent.

## AMENDED TEMPORARY ORDER OF PROTECTION
## AND ORDER TO APPEAR

The court has reviewed the sworn petition alleging domestic abuse and held a hearing on May 21 2026. Petitioner properly served or noticed did appear, *pro se*. Respondent not properly served or noticed, did not appear. The court having considered the petition, **FINDS** that the court has jurisdiction and that there is probable cause to believe that an act of domestic abuse has occurred and a hearing on this matter has been set for June 4, 2026 as noticed below.

☒ 1.    Respondent shall not write to, talk to, visit or contact the petitioner in any way except through petitioner's lawyer, if petitioner has a lawyer.

☒ 2.    Respondent shall not abuse the petitioner or the petitioner's household members in any way. "Abuse" means any incident by respondent against petitioner or petitioner's household member resulting in (1) physical harm; (2) severe emotional distress; (3) bodily injury or assault; (4) a threat causing imminent fear of bodily injury; (5) criminal trespass; (6) criminal damage to property; (7) repeatedly driving by a residence or work place; (8) telephone harassment; (9) stalking; (10) harassment; (11) harm or threatened harm to children in any manner set forth above.

☒ 3.    Respondent shall not ask or cause other persons to abuse the petitioner or the petitioner's household members.

☒ 4.    Respondent shall not go within 100 yards of the petitioner's home or school or work place. Respondent shall not go within 25 yards of the petitioner at all times. If at a public place, such as a store, respondent shall not go within 25 yards of petitioner.

☐ 5.    **MIDA FRANCES ESCALANTI** shall have temporary physical custody of the following child(ren):

Child's Name                    Year of Birth

1

*Maleya Escalanti*        *2023*
*Nizhonie Escalanti*      *2022*

☐ 6.   With respect to the child(ren) named in the preceding paragraph, **LESLIE JOSEPH ESCALANTE** shall have:

    ☐ A.   No contact with the child(ren) until further order of this court and shall stay 100 yards away from the child(ren)'s school.

    ☐ B.   Contact with the child(ren), subject to:

    _____.

☐ 7.   Neither party shall remove the child(ren) named in the preceding paragraph from the State of New Mexico or disenroll the child(ren) from the child(ren)'s present school during the period of this temporary order of protection.

☐ 8.   The court may decide temporary child and interim support at the hearing listed below. Both parties shall bring to the hearing proof of income in the form of the two latest pay stubs or the federal tax returns from the previous year, proof of work related day-care costs and proof of medical insurance costs for the child(ren).

☐ 9.

    ☐ A.   Respondent is ordered to immediately leave the residence at _____ and to not return until further court order.

    ☐ B.   Law enforcement officers are hereby ordered to evict respondent from the residence at _____.

    ☐ C.   Respondent is ordered to surrender all keys to the residence to law enforcement officers.

☐ 10.  Law enforcement officers shall accompany ☐ respondent ☐ petitioner to remove essential tools, clothing, and personal belongings from the residence at

    _____.

☒ 11.  Neither party shall transfer, hide, add debt to, sell or otherwise dispose of the other's property or the joint property of the parties except in the usual course of business or for the necessities of life. The parties shall account to the court for all such changes to property made after the order is served or communicated to the party. Neither party shall disconnect the utilities of the other party's residence.

☐ 12.  This order supersedes any inconsistent prior order in Cause No. _____

2

and any other prior domestic relations order and domestic violence restraining orders between these two parties.

☒    13.    Other:_**The Court will determine whether or not it has jurisdiction over child custody at the hearing in this matter.  If there is a Tribal Court Order, the parties should bring a copy of it to the hearing and submit it to the Court using the Evidence Procedures attached to this document.**

☒    14.    While this order of protection is in effect, petitioner should refrain from any act that would cause the respondent to violate this order. This provision is not intended to and does not create a mutual order of protection. Under Section 40-13-6(D) NMSA 1978, only the restrained party can be arrested for violation of this order.

**HEARING**

IT IS FURTHER ORDERED that the parties shall appear *VIA VIDEO* in the Hearing Room of the Twelfth Judicial District Court, Carrizozo, New Mexico, before the Domestic Relations Hearing Officer at **11:00AM** on **June 4, 2026** for hearing on whether an extended order of protection against domestic abuse will be issued.

---

You will need to attend this hearing by video at the following link:

# meet.google.com/jzh-uqrt-wrm

If you do not have the ability to attend by video, contact the District Court Clerk's Office at 648-2432, ext. 100 within 24 hours of your hearing date and arrangements will be made for you.

In any case, if you are represented by an attorney, you must contact your attorney.

**Submitting of Exhibits.** If you intend to submit exhibits, email *aladdrproposedtxt@nmcourts.gov* and reference your case number in the subject line.

---

Either party may bring witnesses or evidence and may be represented by counsel at this hearing. Respondent may file a Response to the Petition for Order of Protection from Domestic Abuse, *see* Form 4-962 NMRA, on or before the hearing. If the respondent fails to attend this hearing, an extended order may be entered by default against respondent and a bench warrant may be issued for respondent's arrest. If petitioner willfully fails to appear at this hearing, the petition may be dismissed. This order remains in force until **11:00AM** on **June 5, 2026.**

**If an order of protection is entered, the restrained party is prohibited from receiving, transporting, or possessing a firearm or destructive device while the order of protection is in place.** If at the hearing the court finds that the restrained party presents a credible threat to

3

the physical safety of the protected party, the court shall order the restrained party (a) to immediately deliver any firearm in the restrained party's possession, care, custody, or control to a law enforcement agency, law enforcement officer, or federal firearms licensee while the order of protection is in effect, and (b) to refrain from purchasing, receiving, or possessing, or attempting to purchase, receive, or possess any firearm while the order of protection is in effect.

☒    **DO NOT BRING ANY CHILDREN TO THE HEARING WITHOUT PRIOR PERMISSION OF THE COURT.**

**ENFORCEMENT OF ORDER**

If the restrained party violates any part of this order, the restrained party may be charged with a crime, arrested, held in contempt of court, fined or jailed.

**SERVICE AND NOTICE TO LAW ENFORCEMENT AGENCIES**

Upon the signing of this order by a district court judge, a law enforcement officer shall serve on the respondent a copy of this order and a copy of the petition. **A LAW ENFORCEMENT OFFICER SHALL USE ANY LAWFUL MEANS TO ENFORCE THIS ORDER.**

☒    I have reviewed the petition for order of protection and made recommendations to the district judge regarding its disposition.

_____    (575) 437-7310
Domestic Relations Hearing Officer    Court telephone number

**SO ORDERED:**

_____    May 21, 2026 4:40PM
Honorable Daniel A. Bryant    Date and time approved
District Court Judge

4

# EVIDENCE PROCEDURES

**Submitting of Exhibits:**

If you intend to submit exhibits, email *aladdrproposedtxt@nmcourts.gov* and reference your case number in the subject line. Once the request is received, an email from *12th district dr (via Google Drive)* will be sent to the requesting party inviting that party to contribute to and view the folder. Any item(s) the party uploads for the hearing that are **admitted** by the Judge or Hearing Officer will also need to be provided as labeled, physical copies to the District Court prior to or within 3 business days of the hearing.

If you have evidence that you want to submit, but **DO NOT** have the technology to submit through a Google Drive folder, you must do the following:

1. Mark each exhibit (i.e., Petitioner's Exhibit 1, 2, 3… or Respondent's Exhibit A, B, C…).

2. Make a copy of the marked exhibits and serve the opposing party at least two business days prior to the hearing. If you are mailing a copy to the opposing party, you need to mail the exhibits in time so that the opposing party has the copies at least two business days prior to the hearing.

3. Place the proposed exhibits in an envelope, seal the envelope and write on the outside of the envelope your name, your case number and the date of the hearing.[1]

4. Deliver the sealed envelope to the clerk's office at least two business days prior to the hearing.

Protocols for submitting exhibits can be found on the Court's website at www.12thdistrict.net. If you need further assistance please visit the Self-Help center at the District Courthouse or by calling (575) 437-7310.

Failure to comply with these procedures may result in the proposed exhibits not being admitted into evidence at the discretion of the Judge or Hearing Officer.

---

[1] Keep a copy of your exhibits for yourself.

STATE OF NEW MEXICO
COUNTY OF LINCOLN
TWELFTH JUDICIAL DISTRICT

**MIDA FRANCES ESCALANTI**, Petitioner,

v.

**LESLIE JOSEPH ESCALANTI**, Respondent.

LINCOLN CO. 12TH DISTRICT COURT
FILED 11 May 2026 3:22 PM

**GL**

No. D-1226-DV-2024-00045 (III)

## TEMPORARY ORDER OF PROTECTION
## AND ORDER TO APPEAR

The court has reviewed the sworn petition alleging domestic abuse. The court having considered the petition, **FINDS** that the court has jurisdiction and that there is probable cause to believe that an act of domestic abuse has occurred. The court **ORDERS**:

☒ 1.     Respondent shall not write to, talk to, visit or contact the petitioner in any way except through petitioner's lawyer, if petitioner has a lawyer.

☒ 2.     Respondent shall not abuse the petitioner or the petitioner's household members in any way. "Abuse" means any incident by respondent against petitioner or petitioner's household member resulting in (1) physical harm; (2) severe emotional distress; (3) bodily injury or assault; (4) a threat causing imminent fear of bodily injury; (5) criminal trespass; (6) criminal damage to property; (7) repeatedly driving by a residence or work place; (8) telephone harassment; (9) stalking; (10) harassment; (11) harm or threatened harm to children in any manner set forth above.

☒ 3.     Respondent shall not ask or cause other persons to abuse the petitioner or the petitioner's household members.

☒ 4.     Respondent shall not go within 100 yards of the petitioner's home or school or work place. Respondent shall not go within 25 yards of the petitioner at all times. If at a public place, such as a store, respondent shall not go within 25 yards of petitioner.

☒ 5.     **MIDA FRANCES ESCALANTI** shall have temporary physical custody of the following child(ren):

| Child's Name | Year of Birth |
|---|---|
| Maleya Escalanti | 2023 |
| Nizhonie Escalanti | 2022 |

1

☒ 6. With respect to the child(ren) named in the preceding paragraph, **LESLIE ESCALANTI** shall have:

     ☒ A. No contact with the child(ren) until further order of this court and shall stay 100 yards away from the child(ren)'s school.

     ☐ B. Contact with the child(ren), subject to:

     _____.

☐ 7. Neither party shall remove the child(ren) named in the preceding paragraph from the State of New Mexico or disenroll the child(ren) from the child(ren)'s present school during the period of this temporary order of protection.

☐ 8. The court may decide temporary child and interim support at the hearing listed below. Both parties shall bring to the hearing proof of income in the form of the two latest pay stubs or the federal tax returns from the previous year, proof of work related day-care costs and proof of medical insurance costs for the child(ren).

☐ 9.

     ☐ A. Respondent is ordered to immediately leave the residence at _____ and to not return until further court order.

     ☐ B. Law enforcement officers are hereby ordered to evict respondent from the residence at _____.

     ☐ C. Respondent is ordered to surrender all keys to the residence to law enforcement officers.

☐ 10. Law enforcement officers shall accompany ☐ respondent ☐ petitioner to remove essential tools, clothing, and personal belongings from the residence at

     _____.

☒ 11. Neither party shall transfer, hide, add debt to, sell or otherwise dispose of the other's property or the joint property of the parties except in the usual course of business or for the necessities of life. The parties shall account to the court for all such changes to property made after the order is served or communicated to the party. Neither party shall disconnect the utilities of the other party's residence.

☐ 12. This order supersedes any inconsistent prior order in Cause No. _____ and any other prior domestic relations order and domestic violence restraining orders between these two parties.

☒    **DO NOT BRING ANY CHILDREN TO THE HEARING WITHOUT PRIOR PERMISSION OF THE COURT.**

**ENFORCEMENT OF ORDER**

If the restrained party violates any part of this order, the restrained party may be charged with a crime, arrested, held in contempt of court, fined or jailed.

**SERVICE AND NOTICE TO LAW ENFORCEMENT AGENCIES**

Upon the signing of this order by a district court judge, a law enforcement officer shall serve on the respondent a copy of this order and a copy of the petition. **A LAW ENFORCEMENT OFFICER SHALL USE ANY LAWFUL MEANS TO ENFORCE THIS ORDER.**

☒    I have reviewed the petition for order of protection and made recommendations to the district judge regarding its disposition.

_____          (575) 437-7310
Domestic Relations Hearing Officer          Court telephone number

**SO ORDERED:**

_____          May 11, 2026 at 3:16PM
Honorable Daniel A. Bryant                        Date and time approved
District Court Judge

4

# EVIDENCE PROCEDURES

**Submitting of Exhibits:**

If you intend to submit exhibits, email *aladdrproposedtxt@nmcourts.gov* and reference your case number in the subject line. Once the request is received, an email from *12th district dr (via Google Drive)* will be sent to the requesting party inviting that party to contribute to and view the folder. <u>Any item(s) the party uploads for the hearing that are **admitted** by the Judge or Hearing Officer will also need to be provided as labeled, physical copies to the District Court prior to or within 3 business days of the hearing.</u>

If you have evidence that you want to submit, but **DO NOT** have the technology to submit through a Google Drive folder, you must do the following:

1. Mark each exhibit (i.e., Petitioner's Exhibit 1, 2, 3... or Respondent's Exhibit A, B, C...).

2. Make a copy of the marked exhibits and serve the opposing party at least two business days prior to the hearing. If you are mailing a copy to the opposing party, you need to mail the exhibits in time so that the opposing party has the copies at least two business days prior to the hearing.

3. Place the proposed exhibits in an envelope, seal the envelope and write on the outside of the envelope your name, your case number and the date of the hearing.[1]

4. Deliver the sealed envelope to the clerk's office at least two business days prior to the hearing.

Protocols for submitting exhibits can be found on the Court's website at www.12thdistrict.net. If you need further assistance please visit the Self-Help center at the District Courthouse or by calling (575) 437-7310.

Failure to comply with these procedures may result in the proposed exhibits not being admitted into evidence at the discretion of the Judge or Hearing Officer.

---

[1] Keep a copy of your exhibits for yourself.



FIRST NATIONS SECOND CHANCE

NO-D-1226-DV-2024-00045
STATE OF NEW MEXICO
COUNTY OF OTERO & LINCOLN
12th JUDICIAL DISTRICT COURT

Mida F. Escalanti
Petitioner,

v.

Leslie J. Escalanti,
Respondent.

EMERGENCY MOTION TO ENFORCE PROTECTIVE ORDER

COMES NOW the Petitioner, Mida Escalanti, and respectfully moves this Court for immediate
enforcement of the Protective Order previously entered in this matter. In support of this
Emergency Motion, Petitioner states as follows:

1.  On 5/11/26 this Court entered a Protective Order against Respondent, Leslie J. Escalanti.
2.  The Protective Order remains valid and enforceable.
3.  The Order prohibits Respondent from: writing, talking to, visiting, or contacting the
    Petitioner in any way. The order prohibits the respondent from abusing the petitioner or
    asking other persons to cause abuse to the Petitioner.
    The order further restricts the respondent from going within 100 yards of the petitioners
    home, school, or work place, and is restricted from being within 25 yards of the
    petitioner.
    **Furthermore the Order of Protection includes both Malaya Escalanti and Nizhoni
    Escalanti. It is ordered that Leslie Escalanti shall have no contact with the children
    until further order of the 12 JUDICIAL DISTRICT COURT and shall stay 100
    yards away from the children's school.**

4.  Respondent's conduct places Petitioner in immediate fear for their safety, emotional well-
    being, privacy, and/or continued protection under the Court's Order.
5.  Petitioner believes immediate Court intervention is necessary to prevent further
    harassment, intimidation, contact, retaliation, threats, or harm.

6.    Evidence supporting this Emergency Motion includes:
- Text messages
- Emails
- Phone call logs
- Social media communications
- Witness statements
- Police reports
- Photographs
- Audio/video recordings
- Medical or incident records

WHEREFORE, Petitioner respectfully requests that the Mescalero Apache Tribe and Mescalero Apache Tribal Court:

A. Immediately enforce the existing Protective Order;

B. Order Respondent to immediately cease all prohibited conduct and contact;

C. Issue any additional sanctions, contempt findings, law enforcement directives, or protective relief the Court deems necessary for Petitioner's safety; and

D. Grant all other relief the Court finds just and proper.

Respectfully submitted,



Petitioner Signature

Printed Name: _Mida Gonzalez_

Address: _P.O. Box 8223 Ruidosom 88345_

Phone: _575-937-1148_

Email: _midagonzalez82@gmail.com_

VERIFICATION

I, Mida Escalanti , affirm under penalty of perjury under the laws of the State of New Mexico that the foregoing statements are true and correct to the best of my knowledge.



Petitioner Signature

Date: 5/13/26

CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Emergency Motion was served on the Respondent on this 13 day of __may__ , 20.26

Signature