**EXHIBIT F Receipt for Motion For Discovery in Mescalero Apache Tribal Court**



**CASH RECEIPT**

Date November 17, 2025    014940

Received From    Mida Escalanti

Address    P.O. Box 8223 Ruidoso NM, 88345

Twenty Five & 00/100    Dollars $ 25.00

For    Case D.R - 2025 - 0144

M.O. R210151253796

| ACCOUNT | | | HOW PAID | | |
|---|---|---|---|---|---|
| AMT. OF ACCOUNT | | | CASH | | |
| AMT. PAID | 25 | 00 | CHECK | 25 | 00 |
| BALANCE DUE | | | MONEY ORDER ☑ CREDIT CARD ☐ | By | |

Case 2:25-cv-01795-RWR-DLM   Document 1-6   Filed 06/03/25   Page 2 of 36

IN THE MESCALERO APACHE TRIBAL COURT
FOR THE MESCALERO APACHE TRIBE
MESCALERO, NEW MEXICO

IN THE MATTER OF                )
                                )
LESLIE ESCALANTI                )        CAUSE NO:DR-2025-0141
                                )        PROTECTION ORDER
VS.                             )
                                )
MIDA ESCALANTI                  )

## AFFIDAVIT

**NOW COMES MIDA ESCALANTI, A FREE WOMAN OF SOUND MIND AND BODY, NOT A WARDEN OF THE TRIBE, PROTECTED BY THE U.S. CONSTITUTION, THE BILL OF RIGHTS, AND THE FULL FAITH AND CREDIT ACT, DOES SWEAR UPON HER OATH, DEPOSES AND STATES AS FOLLOWS:**

1.      I am over the age of 18, of sound mind, have personal knowledge of the matters contained in this affidavit, and if called as a witness, I would and could testify competently thereto.

2.      On November 20, 2025 I was called to the Mescalero Apache Tribal Court and provided a copy of THE STATE OF NEW MEXICO, COUNTY OF LINCOLN, & THE TWELFTH JUDICIAL DISTRICT COURT'S DEFAULT DECREE AND ORDER OF SEPARATION (WITH CHILDREN), & SUPPORT CAUSE NO: D-1226-DM-2025-00018.

3.      I was advised by the Tribal Clerk Zandra that the court denied entering my documents into evidence and would not uphold THE STATE OF NEW MEXICO, COUNTY OF LINCOLN, & THE TWELFTH JUDICIAL DISTRICT COURT'S ORDER OF SEPARATION (WITH CHILDREN), & SUPPORT CAUSE NO: D-1226-DM-2025-00018 because the paperwork and ORDER OF THE STATE & DISTRICT COURT WITH CURRENT AND CORRECT JURISDICTION because the ORDER was from DISTRICT COURT and not tribal court.



IN THE MESCALERO APACHE TRIBAL COURT
FOR THE MESCALERO APACHE TRIBE
MESCALERO, NEW MEXICO

IN THE MATTER OF                          )
                                          )
LESLIE ESCALANTI                          )          CAUSE NO:DR-2025-0141
                                          )          PROTECTION ORDER
        VS                                )
                                          )
MIDA ESCALATI                             )

NOTICE OF APPEAL PURSUANT TO MESCALERO APACHE TRIBAL CODE
2-4-4

MIDA ESCALANTI, HEREIN REFERRED TO AS THE MOVANT, FILES THIS APPEAL PURSUANT TO PROVISIONS 2-4-4 OF THE MESCALERO APACHE TRIBAL CODE.

MOVANT APPEALS THE FOLLOWING FINDINGS, CONCLUSIONS, OR RECOMMENDATIONS WHICH WERE MADE BY THE ASSOCIATE JUDGE LEONARD KANESEWAH III AT A HEARING DATE ON OCTOBER 27, 2025 AND TO WHICH RECOMMENDATIONS SPECIFIC OBJECTIONS ARE HEREBY MADE:

2-4-4 G. "THE COURT HAD NO JURISDICTION TO HEAR THE CONTROVERSY OR NO JURISDICTION OVER THE PARTIES"
THERE IS A LACK OR JURISDICTION due to PRIOR EXCLUSIVE JURISDICTION  HELD BY THE STATE OF NEW MEXICO, COUNTY OF LINCOLN, TWELFTH JUDICIAL DISTRICT COURT, CAUSE NO: D-1226-DM-2025-00018 DEFAULT DECREE OF SEPARATION (WITH CHILDREN) & ORDER

PRIOR EXCLUSIVE JURISDICTION STATES THAT A COURT THAT FIRST OBTAINS JURISDICTION OVER HAS CASE HAS THE EXCLUSIVE RIGHT TO DECIDE IT. THIS RULE PREVENTS A CONFLICT OF AUTHORITY.

UNDER NEW MEXICO STATE LAW THE TWELFTH JUDICIAL DISTRICT COURT FOLLOWED PROCEDURAL LAW IN SERVING LESLIE ESCALANTI AND HE FAILED TO APPEAR THEREFORE A DEFAULT JUDGEMENT IN FAVOR OF THE MOVANT MIDA ESCALANTI WAS GRANTED.

THE MESCALERO APACHE TRIBAL COURT LEGALLY ERRED IN ITS DECISION BY  VIOLATING  PROCEDURAL LAW & RULES OF EVIDENCE BY DENYING THE MOVANT THE RIGHT TO BE HEARD OR TO PRESENT EVIDENCE THAT THE MESCALERO TRIBAL COURT DOES NOT HAVE JURISDICTION IN THIS CASE MATTER.

THE MESCALERO APACHE TRIBAL COURT VIOLATED 3-9-17 FULL FAITH AND CREDIT, ENFORCEMENT OR THE ORDERS OF OTHER COURTS, AND MODIFICATIONS OF SUCH ORDERS.
A. THE TRBE RECOGNIZES AND PROMISES TO GIVE EFFECT TO THE FULL FAITH AND CREDIT FOR CHILD SUPPORT ACT (FFCCSOA), 28 U.S.C. 1738 (B) WHICH PROVIDES THAT THE COURT SHALL RECOGNIZE THE ORDERS IN A PROCEEDING TO ESTABLISH PARENTAGE, ESTABLISHING PARENTAGE, OR DUTY OF SUPPORT OF OTHER JURISDICTIONS WHERE:

THOSE ORDERS WERE ISSUED PURSUANT TO THE LAWS OF A STATE OR TRIBE THAT HAD COMPETENT JURISDICTION

CAUSE NO: D-1226-DM-2025-00018 IS A SIGNED ORDER WITH A DEFAULT JUDGEMENT IN FAVOR OF MOVANT MIDA ESCALANTI ISSUING HER SOLE LEGAL CUSTODY OF THE CHILDREN WITH A NO VISITATION ORDER FOR LESLIE ESCALANTI AND A ORDER OF SUPPORT IN THE AMOUNT OF $511.00 EVERY MONTH.

THERE IS ALSO A CHILD SUPPORT SERVICES DEVISION CASE ID: 000524383 WITH THE NEW MEXICO CHILD SUPPORT OFFICE.

2-4-4 A. "NO EVIDENCE OR INSUFFICIENT EVIDENCE IS IN THE RECORD TO SUPPORT THE TRIBAL COURT'S ORDER OF JUDGEMENT"
THE ORDER OF PROTECTION WAS ISSUED WITH A LACK OF EVIDENCE OR INSUFFICIENT EVIDENCE TO SUPPORT  A ORDER OF PROTECTION.

THE PETITIONER IN THE PROTECTION ORDER CASE PROVIDED A HAND WRITTEN STATEMENT OF HARASSMENT WITH ZERO VIABLE PROOF OR EVIDENCE PROVIDED TO THE COURT, STATED THAT HE WAS NOT ABLE TO SEE HIS CHILDREN BECAUSE OF A PROTECTION ORDER AGAINST HIM, AND DID NOT DISCLOSE THAT HE HAD BEEN SERVED, FAILED TO APPEAR IN COURT, AND HAD A DEFAULT JUDGEMENT ISSUED AGAINST HIM IN REGARDS TO CUSTODY, VISITATION, AND CHILD SUPPORT.

REMEDY SOUGHT: VACATE RESTRAINING ORDER DUE TO LACK OF JURISDICTION, LACK OF EVIDENCE, & CONFLICT OF RULINGS.
ACKNOWLEDGE AND RECOGNIZE THE JURISDICTION AND ORDER OF THE STATE OF NEW MEXICO, COUNTY OF LINCOLN, TWELFTH JUDICIAL DISTRICT COURT CAUSE NO: D-1226-DM-2025-00018 THAT GRANTS THE MOVANT MIDA ESCALANTI SOLE CUSTODY OF THE CHILDREN LISTED IN THE SUIT MIZHENI ESCALANTI AND MALAYA ESCALANTI WITH A NO VISITATION ORDER IN PLACE FOR LESLIE ESCALANTI AND A ORDER OF CHILD SUPPORT.

2.  THE COURT SHOULD SET A HEARING ON THIS APPEAL WITHIN 30 DAYS AFTER FILING THIS APPEAL

SIGNED:_____

PRINTED:_____

DATE:_____



# MESCALERO APACHE TRIBAL COURT
## Request for Records

Type of Case: (Please mark one)    X Civil    ☐ Criminal    X Children's    ☐ Other: _____

Docket or File #: ~~DR-2025-0141~~ DR-2025-0141    Children's Names: Nizhoni Escalanti

Client Name: Nieda Gonzalez    Other Party to Case: Malaya Escalanti, Aislee Escalanti

Relationship to Case: _____ Petitioner    X Defendant    X ex Spouse    X Other: Respondent

_____ Lay Counsel    ☐ Representation form has been filed

Address: P.O. Box 9223    City: Ruidoso    State/Zip n.m

Home Phone: _____    Cell Phone: 937-1148

I am requesting a copy of the following:

X Court Judgment / Order                    X Audio Recording of Hearing* **$5.00 fee**

X Civil Complaint / Petition                  X Notice of Hearing / Summons

X Criminal Complaint / Citation               X Notice of Appeal

_____ Last Will / Testament

X Other: full Discovery - all motions filed all electric Communication.

**NOTE:** A Court Clerk will review the court records for the document(s) requested. However, it may take up to five (5) days to process this request. A Clerk will contact you at the phone number listed when your request is completed.    *You will need to provide a USB Flash Drive 32GB or larger.*

There is a charge of **$1.00 per page**, which must be paid at the time of pick-up. Payment must be in the form of a *Money Order* made payable to the *Mescalero Tribal Court.*

_____    12/12/25
Client Signature                            Date

---

## COURT USE ONLY

Date Researched: _____    Clerk: _____

Number of Pages: _____    Number of Copies: _____    Total Cost: $_____

_____ Records Not Available: _____

_____ Other: _____

☐ Request Granted    ☐ Request Denied    Judge: _____



# Mescalero Apache Tribal Court

October 30, 2025

Mida Escalanti,

The documents you have submitted to the Mescalero Apache Tribal Court will not be accepted. Your petition states that it is the responsibility of the Respondent to acquire their own copies through district court. Nondisclosure is not a practice that is regarded with respects to court practices, therefore your materials are being returned.

Should you have any questions please feel free to contact the Mescalero Tribal Court at:

(575) 464-0414

Thank you,

*Salem Tortilla*

Tribal Court Clerk





## MESCALERO APACHE TRIBAL COURT
## MESCALERO APACHE TRIBE
## MESCALERO RESERVATION, NEW MEXICO

Mida Escalanti-Gonzalez**,**
Plaintiff,

v.                                          Case No. CC-2026-0002

**Leslie Escalanti, Mescalero Apache Tribal Court, Mescalero Apache Tribal Governement**
Defendant(s).

## MOTION TO COMPEL DISCOVERY, PRESERVE EVIDENCE, AND FOR APPROPRIATE RELIEF

COMES NOW Plaintiff, Mida Escalanti Gonzalez, appearing Pro Se, and respectfully moves this Court for an Order compelling discovery compliance, preservation of evidence, and such additional relief as **FEDERAL JUSTICE** requires.

### I. INTRODUCTION

1. Plaintiff served discovery requests upon Defendant(s) on 11/17/2025.

2. Discovery requested included interrogatories, requests for production, requests for admission, governmental records, court communications, law enforcement materials, electronic communications, and records relevant to claims and defenses.

3. Defendant(s) failed to adequately comply by providing incomplete or evasive responses, withholding responsive information, asserting unsupported objections, failing to supplement disclosures, and/or failing to preserve evidence.

4. Plaintiff made good-faith efforts to resolve discovery disputes without Court intervention.

5. Defendant(s)' conduct impairs Plaintiff's ability to prepare claims, present evidence, identify witnesses, establish damages, and obtain meaningful access to justice.

## II. AUTHORITY OF THE COURT

6. The Plaintiff specifically preserves and asserts the objection that the Mescalero Apache Tribal Court lacks personal jurisdiction over Plaintiff and/or lacks subject matter jurisdiction over some or all claims asserted in these proceedings.

7. Plaintiff does not waive jurisdictional objections by participating in proceedings, responding to filings, engaging in discovery, or seeking relief necessary to protect rights pending resolution of jurisdictional questions

8. Plaintiff respectfully requests that the Court require production of information and jurisdictional authority supporting any assertion that this Court possesses lawful jurisdiction over Plaintiff and the matters alleged herein

9. Plaintiff asserts that jurisdiction must be established by competent legal and factual authority and may not be presumed solely by initiation of proceedings or assertion of authority by opposing parties.

10. To the extent jurisdiction remains disputed, Plaintiff preserves all objections and rights to seek dismissal, limitation of proceedings, or other appropriate relief.

11. Federal discovery principles are offered as persuasive authority only and support fair disclosure obligations, prevention of unfair surprise, preservation of evidence, and adjudication on the merits.

12. Denial of discoverable evidence may impair due process protections, equal access to justice principles, and meaningful opportunity to litigate claims fairly.

## III. SPECIFIC DISCOVERY DEFICIENCIES

## Discovery Request No. 1

13. **Request:** Produce all emails, text messages, memoranda, internal communications, and correspondence between tribal officials, court personnel, and government representatives concerning Plaintiff.

**Response Received:**

No response. No documents or records produced.

**Deficiency:**

Defendants failed to identify responsive records, failed to produce a privilege log, and failed to explain why communications directly concerning Plaintiff are not relevant.

## 14. Discovery Request No. 2

**Request:** Produce all investigative reports, incident reports, complaints, witness statements, recordings, and related materials concerning allegations identified in Plaintiff's Complaint."

### Response Received:

No response. No document or records produced

### Deficiency:

Responsive investigative materials reasonably exist but have not been produced. Defendants failed to produce any records.

## 15. A Discovery Request No. 3

### Request:

Identify all persons involved in decisions affecting Plaintiff, including tribal officials, court staff, law enforcement personnel, or administrative personnel.

### Response Received:

No response. Defendants identified no one. Defendants failed to produce or identify any records or individuals involved

### Deficiency:

A lack of response from defendants prevents Plaintiff from identifying witnesses

### 16. Discovery Request No. 4

### Request:

Produce policies, procedures, manuals, tribal resolutions, administrative directives, or court operating procedures governing the conduct at issue.

### Response Received:

No response. No documents or records produced

### Deficiency:

Defendants maintain governing policies relevant to disputed actions.

17.  **Discovery Request No. 5**

**Request:**

Produce metadata, electronic communications, emails, text messages, call logs, and electronically stored information concerning Plaintiff.

**Response Received:**

No response. No documents or records produced

**Deficiency:**

Electronic evidence likely exists. Defendants failed to identify search methods used, custodians searched, or preservation efforts undertaken.

18.  **Discovery Request No. 6 (Court administration records)**

**Request:**

Produce docket communications, scheduling communications, administrative directives, notices, or records relating to case handling.

**Response Received:**

No response. No documents or records produced.

**Deficiency:**

Lack of production by defendants prevents meaningful review of procedural handling.

19.  **Discovery Request No. 7 (Preservation issue)**

**Request:**

Identify steps taken to preserve relevant records after litigation became reasonably anticipated.

**Response Received:**

No response. No documents or records produced

**Deficiency:**

No response. No documents or records produced. Failure to identify preservation measures raises concern regarding potential destruction, alteration, or loss of relevant evidence.

**20. Discovery Request No. 8 (Jurisdictional Information)**

**Request:**

Produce all documents, ordinances, resolutions, jurisdictional determinations, agreements, policies, or records supporting Defendant's assertion that the Mescalero Apache Tribal Court possesses jurisdiction over Plaintiff and the claims asserted in this matter.

**Response Received:**

Mescalero Apache President (currently suspended) is recorded as saying something to the effect that she has "no control over the court"

Mescalero Apache Tribal Attorney and General Counsel stated via e-mail on 5/18/26 at 1:49 pm that "the clerks must accept all filings.

Mescalero Apache Tribal Court, Mescalero Apache Tribal Government, and Mescalero Apache Tribes General Counsel have thus far failed to produce records.

**Deficiency:**

Plaintiff disputes that the Mescalero Apache Tribal Court possesses lawful jurisdiction over Plaintiff and/or the subject matter asserted in this proceeding. Defendant has failed to produce documents establishing the legal or factual basis supporting jurisdiction. Absent such information, Plaintiff is prejudiced in the ability to meaningfully challenge jurisdictional assertions and protect procedural rights.

## IV. FAILURE TO PRESERVE EVIDENCE

21. Defendant(s) knew or reasonably should have known litigation was pending or anticipated.

22. Defendant(s) possessed an obligation to preserve potentially relevant evidence.

23. Evidence includes electronic communications, emails, texts, court records, investigative materials, recordings, metadata, administrative records, and tribal agency documents.

24. Destruction, alteration, concealment, withholding, or failure to preserve evidence prejudices Plaintiff.

## V. PREJUDICE TO PLAINTIFF

25. Discovery non-compliance prevents adequate trial preparation, limits witness identification, restricts access to evidence, and increases litigation burden.

## VI. GOOD FAITH CERTIFICATION

26. Plaintiff certifies good-faith efforts were undertaken prior to seeking Court intervention.

## VII. REQUEST FOR RELIEF

27. Compel discovery responses within 13 days.

28. Order production of responsive documents.

29. Require supplementation of incomplete disclosures.

30. Enter evidence preservation directives.

31. Permit adverse evidentiary inferences where appropriate.

32. Grant relief authorized under **FEDERAL** law and such additional relief justice requires.

Respectfully submitted,

_____

Mida Escalanti-Gonzalez
Withheld for Safety
575-937-1148
DeadlyLove1327@gmail.com
Pro Se Plaintiff

Date: 5/27/26

## CERTIFICATE OF SERVICE

I certify under penalty of perjury that on 5/27/26, I served a true and correct copy of this Motion upon:

Leslie Escalanti, Mescalero Apache Tribal Court, Mescalero Apache Tribal Government, Mescalero Apache General Counsel
Method: Mail / Electronic Service / Personal Delivery

_____

Signature

# MESCALERO APACHE TRIBAL COURT

## <u>COVER SHEET</u>

Type of Case: _____

**NAME OF PETITIONER(S):** Gnida Gonzales

Social Security Number or Tribal Census Number: 525-774774

Telephone Number or Message Number: 575-937-1148

MAILING ADDRESS: P.O. Box 8223 Ruidoso n.m 88345

RESIDENTAL ADDRESS: Ruidoso n.m 88345

PLACE OF EMPLOYMENT: N/A

---

**NAME OF RESPONDENT(S):** Leslie Escalanti

Social Security Number or Tribal Census Number: 03253

Telephone Number or Message Number: N/A  575-464-0144

MAILING ADDRESS: P.O. Box 296 Mescalero n.m 88340

RESIDENTAL ADDRESS: 36 Ghost Summit Dr. Mescalero n.m

PLACE OF EMPLOYMENT: JMG (Food Truck)

---

This information will remain confidential. The information is necessary to process your case. If a civil action, the court will collect the cost of mailing the complaint to the respondent by certified mail. Attach to your petition, a copy of the necessary information to support the petition such as an affidavit, a copy of marriage license, contract, or court documents.

Thank you for your understanding. **The Mescalero Tribal Court**

Mescalero Tribal Court (2018)          PO Box 227 / 159 Deer Trail          Mescalero. NM 88340

MESCALERO APACHE TRIBAL COURT
MESCALERO APACHE RESERVATION, NEW MEXICO

Miela Gonzalez
_____
Complainant/Petitioner(s),

Vs.

Leslee Escalanti
_____
Enrollment No. 03253
Address 36 Mal Summit DR,
4 Mescalero N.m 88340

Cause No. CC-2026-0062

Respondent(s).

I, Miela Gonzaly _____, the complainant in this cause states that the following statement(s) is/are true and correct to the best of my knowledge and belief:

Would like to Request a motion to Dismiss. due to the fact that Leslee provided Wrong information on the Birthdates & also I DO have a district orders already in place with myself (Miela) has sole custody & no Visitation rights. and also Back in October 27, 2025 I Belive in the court room Judge Leonard Kanesewah did tell Leslee since he has a protection order He is not allow to Bother me & my daughters. he is violating his protecion order against me. Leslee Escalanti Should Be honest on this request. I did provide my District orders & wrong information on my Daughter date of Births.

Miela Gonzaly
_____
Signature of Complainant/Petitioner

Date: 3/9/26

Print Name Miela Gonzalez
Enrollment No. 525-774774
nizhoni Escalanti 5/8/22          Address P.O. Box 8233
Maleya escanti 6/16/23          Ruidoso N.m 88345

MESCALERO APACHE TRIBAL COURT
MESCALERO APACHE RESERVATION, NEW MEXICO

Mieda Escalati
_____

Complainant/Petitioner(s),

Vs.

Leonard Kanesewah (Judge)
_____

Enrollment No. _____

Address _____

_____

Cause No. _____

Respondent(s).

I, _____Mieda Escalati_____, the complainant in this cause states that the following statement(s) is/are true and correct to the best of my knowledge and belief:

Would like to het you know the copies from ume (mieda of hoslie Escalati ) legal separated paperwork from State of new mexico county of Lincoln Twelfth are Your copies. if heslie Escelati wants copys he has to go to district Court & get his own copies thats his own Responsibilities since he didno & didnt comply with cenet orders.

Date: 10/22/25

Mieda Escalati
Signature of Complainant/Petitioner

Print Name Mieda Escalati

Enrollment No. 525-774774

Address 84 Bearing
Mescelo nm 88340

Mescalero Tribal Court (2018)          PO Box 227 / 159 Deer Trail          Mescalero. NM 88340

MESCALERO APACHE TRIBAL COURT
MESCALERO APACHE RESERVATION, NEW MEXICO

Mida Escalante
_____
Complainant/Petitioner(s),

Vs.

_____

Enrollment No. _____

Address _____

_____

Respondent(s).

Cause No._____

I, _Mida Escalante_____, the complainant in this cause states that the following statement(s) is/are true and correct to the best of my knowledge and belief:

I would like to Remove Salem Tortilla Jon thinking she is Bias against me she is related to my ex husband leslie Escalanti & also really good friends of my ex husband leslie under age girlfriend Ivanna Burgess mother K.C. caseres. She has spoken to me Unprofessional Way. I called the other day to ask her who my Judge was on that case, & she yelled & said (Why) Because I couldn't read the signature on complaint. & also she will not take my paperwork my exhibits & attachments I had. Sandra said it was okay I Bring in my paperwork to attach to my Request Affidavit.

Mida Escalante
Signature of Complainant/Petitioner

Date: 10/22/25

Print Name Mida Escalanti

Enrollment No. 525-774774

Address 84 Bearsing
Mesedes n m 54340

# MESCALERO APACHE TRIBAL COURT

## <u>COVER SHEET</u>

Type of Case: _____

**NAME OF PETITIONER(S):** Uriah Escenti

Social Security Number or Tribal Census Number: 525-774774

Telephone Number or Message Number: 575-464-0942

MAILING ADDRESS: P.O. Box 8733 Ruidoso N.M 88345

RESIDENTAL ADDRESS: 89 Bernish Mescalero n·m 88340

PLACE OF EMPLOYMENT: N/A

---

**NAME OF RESPONDENT(S):** Judge Leonard Kazuschy

Social Security Number or Tribal Census Number: _____

Telephone Number or Message Number: 575-464-0414

MAILING ADDRESS: P.O. 227 Mescalero n·m 88340

RESIDENTAL ADDRESS: 159 Deer Trail Mescalero n·m 88340

PLACE OF EMPLOYMENT: Mescalero tribal court

---

This information will remain confidential. The information is necessary to process your case. If a civil action, the court will collect the cost of mailing the complaint to the respondent by certified mail. Attach to your petition, a copy of the necessary information to support the petition such as an affidavit, a copy of marriage license, contract, or court documents.

Thank you for your understanding. **The Mescalero Tribal Court**

Mescalero Tribal Court (2018)          PO Box 227 / 159 Deer Trail          Mescalero, NM 88340

## MESCALERO APACHE TRIBAL COURT
## MESCALERO APACHE RESERVATION, NEW MEXICO

Umede Eseledi

Complainant/Petitioner(s),

Vs.

Lesleo Esmati

Enrollment No. 03252

Address P.O. Box 702

Mescalero N-m 85340

Respondent(s).

Cause No. DR.2005 0144

I, Umede Eseludi, the complainant in this cause states that the following statement(s) is/are true and correct to the best of my knowledge and belief:

Wada thik to see if we can just wait to hear court hearings want my Appeal to Be heard 1st.

Date: 11/24/25

Signature of Complainant/Petitioner

Print Name Mida Eseloti

Enrollment No. 525-774474

Address P-O·Box 2833

Mescalero Apache NM 88345

Dear Judge Leonard,

I Mida Escalanti is asking you to wait to set a hearing between Leslie and I. We already had a court hearing about this protection order back in October 27. There's no need for another one. Basically he is asking for joint custody there's no way he's going to get joint custody. It was already established in the district court when he failed to comply with all the court hearings. So the district judge granted me Sole Custody, Child Support & No Visitations with my daughters. My daughters are not en rolled with Mescalero me and my daughters are non tribal members. Yes I did harass in a way even before he put a protection order against me am not gonna lie but just makes no sense at all if he still bothers me as well sitting outside my drive way my camera caught a couple pictures as well and leaving stickers on my room window with my name on there & his father in law Robert comes over here and tells me things about his daughter and him as well. How he always has to watch him

because he don't trust him with his under age daughter. And all of sudden he wants this and that using the Mescalero court to harasses me because I ain't a tribal member. Since my appeal was approved I would like to have my appeal heard before going back to another court hearing with Leslie. He does not have a stable home stays at his under age girlfriend's mother's house and also his mother place and sometimes in his girlfriend's car. He's not stable might have a job but no house. Still does illegal drugs and alcohol.I do not want anything from him I know he said he accumulated some stuff for my girls but why hasn't he paid his unpaid child support it is 2500 behind. Why didn't he pay that with the money that he accumulated? He has put me and my girls through this hard time and that picture of me was at McDonald's when I actually was gonna get off and let him see his daughters but he ignored them because of his under age girlfriend Ivonna burgess.. so why is he crying around now about his

crying around now about his daughters it's been a year now he's abandon them, and then abandoned our marriage due to adultery. I can't always be attending court hearings for something that's already been established by another court like I said, I am a single mother. I got four kids school appointments myself a life to live and also going back to work. He's asking for things in the tribal court. That's already been established. He should already know he's got served a whole lot of times from district and never attended. So I am asking you if we can put this court hearing on hold until my appeal is heard please thank you





He abused my Neice Back in Oct 2024 Hi + shown in the head shot angle

got out... I was t like him when he got out just went back to same shit he knows and will always know... Being in prison and thinking about your life when you get out should be a eye opener that change is the only way to get away from all that bullshit... To be honest I lost all respect for him when he lied to me that he wasn't shooting up and then I go and find a point in the couch he was crashed out on and since then I didn't want to talk to him or anything and I even told him... Yeah I'll say what's up to him, but when he's right in front of me... I ain't gonna go up to him and bow down to him, he should be the to come up to me and say what's up... Yeah he needs alot of growing up to do cause he's almost gonna be 40 and still running around doing the same shit and he has nothing to show for...

D-1226-DM-202500018 - Wednesday, May 27, 2026

# MIDA FRANCES ESCALANTI

## v.

# LESLIE JOSEPH ESCALANTI

## CASE DETAIL

| CASE # | CURRENT JUDGE | FILING DATE | COURT |
|---|---|---|---|
| D-1226-DM-202500018 | Sugg, John P. | 02/21/2025 | CARRIZOZO  District |

## PARTIES TO THIS CASE

| PARTY TYPE | PARTY DESCRIPTION | PARTY # | PARTY NAME |
|---|---|---|---|
| PT | Petitioner | 1 | ESCALANTI MIDA FRANCES |
| RS | Respondent | 1 | ESCALANTI LESLIE JOSEPH |

## CIVIL COMPLAINT DETAIL

| COMPLAINT DATE | COMPLAINT SEQ # | COMPLAINT DESCRIPTION | DISP | DISP DATE |
|---|---|---|---|---|
| 02/21/2025 | 1 | CLS: JUDGMENT/ DISPOSITION | Default Judgment Entered | 06/02/2025 |

| COA SEQ # | COA DESCRIPTION |
|---|---|
| 1 | Legal Separation with Custody |

| PARTY NAME | PARTY TYPE | PARTY # |
|---|---|---|

| COMPLAINT DATE | COMPLAINT SEQ # | COMPLAINT DESCRIPTION | DISP | DISP DATE |
|---|---|---|---|---|
| 10/29/2025 | 1 | CLS: JUDGMENT/ DISPOSITION | Dismissal for Lack of Prosecution | 05/18/2026 |

| COA SEQ # | COA DESCRIPTION |
|---|---|
| 1 | Divorce with Custody |

| PARTY NAME | PARTY TYPE | PARTY # |
|---|---|---|

## HEARINGS FOR THIS CASE

| HEARING DATE | HEARING TIME | HEARING TYPE | HEARING JUDGE | COURT | COURT ROOM |
|---|---|---|---|---|---|
| 05/16/2025 | 11:00 AM | Motion Hearing | Sugg, John P. | CARRIZOZO | Lincoln County District Courthouse |

## REGISTER OF ACTIONS ACTIVITY

| EVENT DATE | EVENT DESCRIPTION | EVENT RESULT | PARTY TYPE | PARTY # | AMOUNT |
|---|---|---|---|---|---|
| 05/18/2026 | CLS: DISMISSAL BY  LACK OF PROSECUTION | | | | |
| 10/31/2025 | ORD: ORDER Domestic Relations Order | | | | |
| 10/29/2025 | SETTLEMENT AGREEMENT Martial Agreement 1 signature | | | | |
| 10/29/2025 | RPN: REOPEN NO FEE REQUIRED Petition for Dissolution of Marriage | | PT | 1 | |
| 10/29/2025 | ORD: Order For Free Process Granted | | | | |
| 10/29/2025 | MTN: MOTION/APPLICATION FOR FREE PROCESS | | PT | 1 | |
| 06/02/2025 | CLS: JUDGMENT/DEFAULT Default Final Decree of Separation | | | | |
| 05/16/2025 | AUDIO LOG NOTES DATE OF HEARING: 05/16/2025 | | | | |
| 04/17/2025 | RETURNED MAIL NOTICE OF HEARING | | RS | 1 | |
| 04/17/2025 | RETURNED MAIL | | PT | 1 | |

Page 1

D-1226-DM-202500018 - Wednesday, May 27, 2026

|  |  |  |  |
|---|---|---|---|
|  | NOTICE OF HEARING |  |  |
| 04/11/2025 | NTC: HEARING (MOTION) |  |  |
|  | Motion for Default Judgment on May 16, 2025 at 11AM |  |  |
| 04/09/2025 | MTN: | PT | 1 |
|  | MOTION/APPLICATION FOR |  |  |
|  | DEFAULT JUDGMENT |  |  |
| 03/03/2025 | RETURN RECEIPT |  |  |
| 02/21/2025 |  |  |  |
| 02/21/2025 | ORD: TEMPORARY |  |  |
|  | DOMESTIC ORDER |  |  |
| 02/21/2025 | MISCELLANEOUS ENTRY | PT | 1 |
|  | MESCALERO CHILDREN'S COURT COURT ORDER |  |  |
| 02/21/2025 | MTN: MOTION | PT | 1 |
|  | MOTION FOR REFERRAL TO MEDIATION (CHILD SUPPORT OR OTHER FINANCIAL ISSUES) |  |  |
| 02/21/2025 | ORD: Order For Free Process |  |  |
|  | Granted |  |  |
| 02/21/2025 | MTN: |  |  |
|  | MOTION/APPLICATION FOR |  |  |
|  | FREE PROCESS |  |  |
| 02/21/2025 | OPN: PETITION | PT | 1 |
|  | Legal seperation |  |  |

## JUDGE ASSIGNMENT HISTORY

| ASSIGNMENT DATE | JUDGE NAME | SEQ # | ASSIGNMENT EVENT DESCRIPTION |
|---|---|---|---|
| 02/21/2025 | Sugg, John P. | 1 | INITIAL ASSIGNMENT |

# New Mexico Courts
## Case Lookup

Exit

| Name Search | Case Number Search | DWI Search |
|---|---|---|
| Case Detail | | |

## STATE OF NEW MEXICO VS. LESLIE J ESCALANTI

| CASE DETAIL | | | |
|---|---|---|---|
| **CASE NUMBER** | **CURRENT JUDGE** | **FILING DATE** | **COURT** |
| D-1215-CR-201100049 | Ritter, Jerry H., Jr. | 02/08/2011 | ALAMOGORDO DISTRICT |

| PARTIES TO THIS CASE | | | |
|---|---|---|---|
| **PARTY TYPE** | **PARTY DESCRIPTION** | **PARTY #** | **PARTY NAME** |
| D | Defendant | 1 | ESCALANTI LESLIE JOSEPH |
| P | Plaintiff | 1 | STATE OF NEW MEXICO (DA) |
| | | | ATTORNEY: CEBALLES DAVID L. |

| CRIMINAL CHARGE DETAIL | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| **PARTY** | **COUNT** | **SEQ #** | **STATUTE** | **CHARGE** | **CLASS** | **CHARGE DATE** | **CIT #** | **PLEA** | **DISPOSITION** | **DISP DATE** |
| D 1 | 1 | 6 | 66-08-101(A) | Homicide by Vehicle (Reckless Driving) | F3 | 01/09/2011 | | Guilty | CRB: GUILTY/NO CONTEST PLEA | 10/07/2011 |
| D 1 | 2 | 6 | 66-7-201(C) | ACCIDENTS INVOLVING DEATH OR PERSONAL INJURIES | F3 | 01/09/2011 | | Guilty | CRB: GUILTY/NO CONTEST PLEA | 10/07/2011 |
| D 1 | 3 | 6 | 30-6-1(D) | ABANDONMENT OR ABUSE OF A CHILD | F3 | 01/09/2011 | | | CRB: DISMISSED BY PROSECUTOR | 10/07/2011 |
| D 1 | 4 | 6 | 30-6-1(D) | ABANDONMENT OR ABUSE OF A CHILD | F3 | 01/09/2011 | | | CRB: DISMISSED BY PROSECUTOR | 10/07/2011 |
| D 1 | 5 | 6 | 30-6-1(D) | ABANDONMENT OR ABUSE OF A CHILD | F3 | 01/09/2011 | | | CRB: DISMISSED BY PROSECUTOR | 10/07/2011 |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| D 1 | 6 | 6 | 30-6-1(D) | ABANDONMENT OR ABUSE OF A CHILD | F3 | 01/09/2011 | | | CRB: DISMISSED BY PROSECUTOR | 10/07/2011 |
| D 1 | 7 | 6 | 30-6-1(D) | ABANDONMENT OR ABUSE OF A CHILD | F3 | 01/09/2011 | | | CRB: DISMISSED BY PROSECUTOR | 10/07/2011 |
| D 1 | 8 | 6 | 30-6-1(D) | ABANDONMENT OR ABUSE OF A CHILD | F3 | 01/09/2011 | | | CRB: DISMISSED BY PROSECUTOR | 10/07/2011 |
| D 1 | 9 | 6 | 66-8-102(E) | DRIVING UNDER INFLUENCE OF LIQUOR OR DRUGS (1ST) | M | 01/09/2011 | | Guilty | CRB: GUILTY/NO CONTEST PLEA | 10/07/2011 |
| D 1 | 10 | 6 | 66-08-114(B) | Careless Driving (Careless, Inattentive or Imprudent) | M | 01/09/2011 | | Guilty | CRB: GUILTY/NO CONTEST PLEA | 10/07/2011 |
| D 1 | 11 | 6 | 66-08-113 | Reckless Driving | PM | 01/09/2011 | | Guilty | CRB: GUILTY/NO CONTEST PLEA | 10/07/2011 |
| D 1 | 12 | 6 | 66-08-113 | Reckless Driving | PM | 01/09/2011 | | Guilty | CRB: GUILTY/NO CONTEST PLEA | 10/07/2011 |
| D 1 | 13 | 6 | 66-07-202 | Leaving the Scene of an Accident Involving Damage to Vehicle | M | 01/09/2011 | | Guilty | CRB: GUILTY/NO CONTEST PLEA | 10/07/2011 |
| D 1 | 14 | 6 | 66-07-202 | Leaving the Scene of an Accident Involving Damage to Vehicle | M | 01/09/2011 | | Guilty | CRB: GUILTY/NO CONTEST PLEA | 10/07/2011 |

### HEARINGS FOR THIS CASE

| HEARING DATE | HEARING TIME | HEARING TYPE | HEARING JUDGE | COURT | COURT ROOM |
|---|---|---|---|---|---|
| 12/16/2011 | 9:00 AM | Sentencing Hearing | Ritter, Jerry H., Jr. | ALAMOGORDO DISTRICT COURT | |
| 10/11/2011 | 9:00 AM | Jury Trial | Ritter, Jerry H., Jr. | ALAMOGORDO DISTRICT COURT | |
| 10/07/2011 | 9:00 AM | Change of Plea Hearing | Ritter, Jerry H., Jr. | ALAMOGORDO DISTRICT COURT | |

| 07/18/2011 | 9:00 AM | Jury Trial | Ritter, Jerry H., Jr. | ALAMOGORDO DISTRICT COURT | |
| 05/10/2011 | 9:00 AM | Motion Hearing | Ritter, Jerry H., Jr. | ALAMOGORDO DISTRICT COURT | |
| 02/21/2011 | 9:00 AM | Arraignment | Brogan, William H. | ALAMOGORDO DISTRICT COURT | |

## REGISTER OF ACTIONS ACTIVITY

| EVENT DATE | EVENT DESCRIPTION | EVENT RESULT | PARTY TYPE | PARTY # | AMOUNT |
|---|---|---|---|---|---|
| 12/28/2011 | TAP: SENTENCE | | | | |
| | 12/16/2011 1:30:34 TO 3:00:06 JUDGE RITTER | | | | |
| 12/19/2011 | NTC: ENTRY OF JUDGMENT | | | | |
| 12/16/2011 | COMMITMENT TO PENITENTIARY | | | | |
| | NO BOND TRANSPORT TO CORRECTIONS WHEN READY | | | | |
| 12/16/2011 | ORD: IGNITION INTERLOCK | | | | |
| | DEFENDANT MUST HAVE AN INTERLOCK DEVICE FOR ONE YEAR MANDATORY | | | | |
| 12/16/2011 | CLS: JUDGMENT/ SENTENCE/ COMMITMENT | | | | |
| | JUDGMENT SENTENCE AND COMMITMENT TOTAL TERM OF IMPRISONMENT TO BE SERVED IS 12 YEARS AND 180 DAYS. PRESENTENCE CREDIT IS 342 DAYS. NO PROBATION RECOMMENDED PAROLE DEFENDANT SAHLL ENTER DWI PROGRAM; SCHOOL DEFENANT SHALL NOT DRIVE ANY VEHICLE UNLESS IT HAS A IGNITION INTERLOCK DEVICE FOR ONE YEAR | | | | |
| 11/21/2011 | ORD: OF RELEASE | | | | |
| | REPORT IMMEDIATELY APO | | | | |
| 11/03/2011 | TAP: CHANGE PLEA | | | | |
| | CHANGE OF PLEA OCTOBER 7, 2011 DRAWER 5 CD 3707 9:38:02 - 9:56:01 JUDGE RITTER | | | | |
| 10/07/2011 | NTC: HEARING (CRIMINAL) | | | | |
| | SENTENCING DECEMBER 16, 2011 AT 1:30 PM 2 HOURS | | | | |
| 10/07/2011 | COMMITMENT TO JAIL | | | | |
| | NO BOND PSR ORDERED, PENDING SENTENCING IN ABOUT 60 DAYS | | | | |
| 10/07/2011 | PLEA & DISPOSITION AGREEMENT | | | | |
| | DEFENDANT AGREES TO PLEAD GUILTY TO AMENDED COUNT 1, COUNT 2, COUNT 9, 10, 11, 12, 13, 14 | | | | |
| 10/06/2011 | NTC: HEARING (VACATE & RESET) | | | | |
| | CHANGE OF PLEA VACATE JURY TRIAL SCHEDULED OCTOBER 11, 2011 @ | | | | |

| | | | | | |
|---|---|---|---|---|---|
| | 9:00 AM RESET CHANGE OF PLEA OCTOBER 7, 2011 @ 9:00 AM FIFTEEN MINUTES TRAILING BEFORE JUDGE RITTER | | | | |
| 10/06/2011 | REQUEST FOR HEARING/ SETTING | | P | 1 | |
| | STATE REQUESTS 15 MINUTES FOR CHANGE OF PLEA | | | | |
| 07/06/2011 | NTC: HEARING (CRIMINAL) | | | | |
| | JURY TRIAL OCTOBER 11, 2011 AT 9 AM (TRAILING #2) 2 DAYS | | | | |
| 06/29/2011 | ORD: OF CONTINUANCE | | | | |
| | STIPULATED JURY TRIAL SCHEDULED IN THIS MATTER FOR JULY 18, 2011 THROUGH JULY 19, 2011, BE CONTINUED | | | | |
| 06/28/2011 | MTN: FOR CONTINUANCE | | P | 1 | |
| | STATE REQUEST THE COURT CONTINUE THE JURY TRIAL SET FOR JULY 18 2011 THROUGH JULY 19 2011 | | | | |
| 06/27/2011 | WITNESS/ EXHIBIT DISCLOSURE | | P | 1 | |
| | 1ST AMENDED STATE'S WITNESS LIST | | | | |
| 06/27/2011 | DISCLOSURE | | P | 1 | |
| | 1ST AMENDED STATES CERTIFICATE OF DISCLOSURE | | | | |
| 06/23/2011 | DEMAND FOR ALIBI | | P | 1 | |
| | ENTRAPMENT | | | | |
| 06/23/2011 | CERTIFICATE OF COMPLIANCE | | P | 1 | |
| 06/23/2011 | NTC: REQUEST/ DEMAND FOR DISCOVERY | | P | 1 | |
| | STATE'S DEMAND FOR DISCLOSURE | | | | |
| 06/23/2011 | DISCLOSURE | | P | 1 | |
| | STATE'S CERTIFICATE OF DISCLOSURE | | | | |
| 06/09/2011 | TAP: MOTION | | | | |
| | CONDITION RELEASE HEARING DATE 5/10/11 3:33:05 - 3:48:47 DRAWER 5 CD 3458 | | | | |
| 05/12/2011 | ORD: ORDER | | | | |
| | ORDER DENYING MOTION TO REVIEW CONDITIONS OF RELEASE | | | | |
| 05/11/2011 | COMMITMENT TO JAIL | | | | |
| | BOND - NO CHANGE FACTORS: ALCOHOL CRIME RESULTING IN DEATH; FLED SCENE; POSSIBLE PRIOR DWI | | | | |
| 05/02/2011 | NTC: HEARING (CRIMINAL) | | | | |
| | MOTION TO REVIEW CONDITIONS OF RELEASE MAY 10, 2011 AT 3:30 PM 15 MINUTES TRAILING JUDGE RITTER | | | | |
| 04/29/2011 | REQUEST FOR HEARING/ SETTING | | D | 1 | |
| | MOTION TO REVIEW CONDITIONS OF RELEASE 30 MINUTES REQUESTED BY MARIO TORREZ | | | | |
| 04/29/2011 | MTN: TO RECONSIDER/ REVIEW | | D | 1 | |

| | | | | | |
|---|---|---|---|---|---|
| | MOTION TO REVIEW MODIFY CONDITIONS OF RELEASE | | | | |
| 04/15/2011 | ENTRY OF APPEARANCE | | P | 1 | |
| | JOHN BERNITZ FOR STATE | | | | |
| 04/06/2011 | NTC: NOTICE | | | | |
| | NOTICE OF CASE REASSIGNMENT FROM JAMES WALKER TO MARIO TORREZ | | | | |
| 04/05/2011 | CERTIFICATE OF COMPLIANCE | | D | 1 | |
| 04/05/2011 | WITNESS/ EXHIBIT DISCLOSURE | | D | 1 | |
| | DISCLOSURE OF WITNESSES | | | | |
| 04/05/2011 | NTC: REQUEST/ DEMAND FOR DISCOVERY | | D | 1 | |
| | NOTICE OF DISCOVERY DEMAND | | | | |
| 04/05/2011 | ENTRY OF APPEARANCE | | D | 1 | |
| | ENTRY OF APPEARANCE MARIO TORREZ FOR DEFENDANT | | | | |
| 03/02/2011 | SUMMONS RETURN | | D | 1 | |
| | LESLIE ESCALANTI SERVED AT OCDC 2/18/11 | | | | |
| 02/23/2011 | ORD: SCHEDULING/PRETRIAL ORDER | | | | |
| | ARRAIGNMENT DATE: FEBRUARY 21, 2011 JURY TRIAL DATE: JULY 18, 2011 @ 9:00 AM, TRAILING #4 ALLOCATED TIME: 2 DAYS | | | | |
| 02/22/2011 | TAP: ARRAIGNMENT | | | | |
| | DRAWER: 4 CD: 3214 HEARING DATE: FEBRUARY 21, 2011 TIME STARTED: 2:33:20PM TIME FINISHED: 2:58:32PM | | | | |
| 02/22/2011 | COMMITMENT TO JAIL | | | | |
| | COMMITTED ON 2/21/2011 NO CHANGE TO BOND | | | | |
| 02/18/2011 | ALIAS SUMMONS ISSUED | | | | |
| | ALIAS SUMMONS ISSUED ARRAIGNMENT FEBRUARY 21, 2011 @ 2:30 PM, TRAILING, JUDGE BROGAN (TIME OF HEARING HAS BEEN CHANGED) | | | | |
| 02/16/2011 | RETURN OF SERVICE | | D | 1 | |
| | DEFENDANT SERVED AT OCDC 2/11/11 | | | | |
| 02/10/2011 | ENTRY OF APPEARANCE | | D | 1 | |
| | ENTRY OF APPEARANCE, NOTICE OF DISCOVERY DEMAND, DEMAND FOR SPEEDY TRIAL, DISCOVERY BY DEFENDANT AND NOTICE OF INTENT TO CALL WITNESS NAME OF ATTORNEY JAMES WALKER PD | | | | |
| 02/09/2011 | TRANSCRIPT OF PROCEEDINGS | | D | 1 | |
| 02/09/2011 | ORD: BIND-OVER FROM LOWER COURT | | | | |
| | MAG COURT FR-11-7 | | | | |
| 02/09/2011 | SUMMONS ISSUED | | D | 1 | |
| | 2/21/11 AT 9:30 AM DEFENDANT IS IN OCDC JUDGE BROGAN | | | | |

| 02/08/2011 | REQUEST | | | | |
|---|---|---|---|---|---|
| | CLERKS REQUEST FOR TRANSCRIPT OF PROCEEDINGS MAG COURT #FR 2011-007 | | | | |
| 02/08/2011 | OPN: GRAND JURY INDICTMENT | | | | |
| | GRAND JURY INDICTMENT COUNT 1; HOMICIDE BY A VEHICLE, F3 COUNT 2; LEAVING THE SCENE OF AN ACCIDENT, F3 COUNT 3 THRU 8; CHILD ABUSE, NEGLIGENTLY, NO DEATH OR GREAT BODILY HARM, F3 COUNT 9; DRIVING WHILE UNDER THE INFLUENCE, M COUNT 10; CARELESS DRIVING, M COUNT 11 THRU 12; RECKLESS DRIVING, M COUNT 13 & 14; LEAVING THE SCENE OF AN ACCIDENT; M DA; DAVID CEBALLES NO ATTORNEY ON RECORD MAG COURT #FR 2011-007 | | | | |

| JUDGE ASSIGNMENT HISTORY | | | |
|---|---|---|---|
| ASSIGNMENT DATE | JUDGE NAME | SEQUENCE # | ASSIGNMENT EVENT DESCRIPTION |
| 02/08/2011 | Ritter, Jerry H., Jr. | 1 | INITIAL ASSIGNMENT |



©2007 New Mexico Courts