**FILED**

UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

JUN - 3 2026

**ERIK PALTROW**
**CLERK** OF COURT

| | |
|---|---|
| MIDA ESCALANTI-GONZALEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MESCALERO APACHE TRIBE; | ) |
| MESCALERO APACHE TRIBAL COURT; | ) |
| LESLIE ESCALANTI, individually; | ) |
| THORA PADILLA, in official capacity; | ) |
| MELANIE SPITTY, in official capacity; | ) |
| ZANDRA SMITH, in official capacity; | ) |
| NELVA CERVANTES, in official capacity; | ) |
| OFFICER TITUS, in official capacity; | ) |
| CHIEF OF POLICE SCOTT KETCHUM, | ) |
| in official capacity; | ) |
| LEONARD KANESEWAH, Tribal Court Judge, | ) |
| in official capacity; | ) |
| PAMELA MORGAN, Tribal Court Judge, | ) |
| in official capacity; | ) |
| SALEM TORTILLA, in official capacity, | ) |
| | ) |
| Defendants. | ) |

Civil No. 26-CU-1795 KWR-DLM

**EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER,
PRELIMINARY INJUNCTION, RECORD PRESERVATION ORDER,
AND EXPEDITED HEARING**

(Fed. R. Civ. P. 65)
Plaintiff respectfully moves pursuant to Rule 65 of the Federal Rules of Civil Procedure for entry of a Temporary Restraining Order, preservation relief, and expedited consideration.
I. INTRODUCTION

1. Plaintiff filed a Verified Complaint alleging federal questions arising under 18 U.S.C. § 2265.

2. Plaintiff seeks emergency relief preserving status quo pending adjudication.

3. Plaintiff seeks preservation of records relevant to claims alleged in the Complaint.

II. RULE 65 STANDARD

4. Temporary restraining relief may issue where immediate and irreparable injury may occur before adverse parties may be heard.

5. Preliminary injunctive relief requires consideration of:

a. likelihood of success on the merits;

b. irreparable injury;

c. balance of equities;

d. public interest.

III. IRREPARABLE HARM

6. Plaintiff alleges continuing inability to confirm processing status concerning submitted protection-order materials.

7. Plaintiff alleges continuing uncertainty regarding handling of submitted materials.

8. Plaintiff alleges continuing concern regarding safety interests.

9. Plaintiff alleges loss or alteration of records cannot be adequately remedied through monetary relief.

IV. PRESERVATION RELIEF REQUESTED

10. Plaintiff requests preservation of:

a. intake records;

b. filing logs;

c. docket records;

d. appellate tracking records;

e. communications;

f. metadata;

g. electronically stored information;

h. audio recordings;

i. internal communications;

j. submitted protection-order materials.

11. Plaintiff requests litigation-hold relief.

12. Plaintiff requests prohibition against destruction, deletion, alteration, concealment, or transfer of evidence.

V. NARROWLY TAILORED RELIEF

13. Plaintiff seeks relief sufficient to preserve evidence, preserve status quo, and prevent irreparable harm pending hearing.

VI. RULE 65(b) CERTIFICATION

14. Plaintiff certifies efforts undertaken to provide notice included communications, submissions, requests for review, and requests concerning status.

15. Plaintiff certifies emergency consideration is necessary to prevent irreparable injury pending further proceedings.

WHEREFORE Plaintiff respectfully requests:

A. Temporary Restraining Order;

B. Expedited hearing;

C. Record preservation order;

D. Litigation hold;

E. Additional relief authorized by law.

Respectfully submitted,

MIDA ESCALANTI-GONZALEZ
Plaintiff Pro Se
Signature:
Address: P.O. Box 8223
Ruidoso NM
88345
Telephone: 575-937-1148
Email: DeadlyLove1327@gmail.com
Date: 2nd Day of June 2026